**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| WALTER DERRICO, | ) | CASE NO: 1:17CV866 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| TORRIS MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

Currently pending before the Court is Defendant State of Ohio's Motion to Dismiss pursuant to Fed. Rules of Civ. Pr. 12(b)(1) and 12(b)(6). [1] (Doc. No. 7.) Plaintiff Walter Derrico did not file a response to Defendant's Motion. For the following reasons, Defendant State of Ohio's Motion to Dismiss (Doc. No. 7) is GRANTED.

## I. Procedural Background

On April 22, 2017, Plaintiff Walter Derrico ("Plaintiff" or "Derrico") filed a Complaint against Defendants City of East Cleveland and City of East Cleveland Police Department (hereinafter the "City of East Cleveland Defendants"); former East Cleveland police officers Torris Moore, Eric Jones, and Antonio Malone; the State of Ohio; "Public Official Does Nos. 1-3;" and "ABC & XYZ Insurance Carriers Providing Occurrence Coverage for Police Activities

---

[1] This case is before the Court upon consent of the parties, entered June 30, 2017. (Doc. No. 12.)

1

such as Identified & Verified herein." (Doc. No. 1.) Plaintiff alleged numerous state and federal claims arising from his arrest, prosecution, and imprisonment for various drug charges. (Doc. No. 1.) The City of East Cleveland Defendants filed an Answer on June 2, 2017, along with Cross claims against Defendants Jones, Moore, and Malone.[2] (Doc. No. 5.) A case management conference was thereafter conducted on June 30, 2017, at which time case management deadlines were set. (Doc. No. 11.)

Meanwhile, on June 5, 2017, Defendant State of Ohio filed a Motion to Dismiss Pursuant to Fed. R. Civ. Pr. 12(b)(1) and 12(b)(6). (Doc. No. 7.) Plaintiff did not file a response. Defendant's Motion is, therefore, unopposed.

## II. Factual Allegations

The Complaint contains the following factual allegations.

On October 2, 2012, Plaintiff was talking with friends outside 428 Arbor Street in Cleveland, Ohio. (Doc. No. 1 at ¶ 12.) An unmarked car came down the street and stopped at that address. (*Id.* at ¶ 13.) Defendants Moore, Malone and Jones (who were City of East Cleveland police officers at the time) exited the unmarked car and approached Plaintiff. (*Id*. at ¶ 14.) One of these Defendants "slammed [Plaintiff] to the ground" and asked him, "Where is the dope? We heard you got some dope?" (*Id*. at ¶ 15.) Defendants Moore, Malone, and Jones kept Plaintiff on the ground for approximately 40 minutes, "handcuffed with his face down on the ground." (*Id.* at ¶ 16.)

Plaintiff alleges Defendants Moore, Malone and Jones then entered 428 Arbor Street

---

[2] The Court notes Defendants Moore, Jones, and Malone have not entered an appearance in this case. None of these Defendants have answered or otherwise responded to either the Complaint or the City of East Cleveland's Cross claims.

without a warrant, "tore the house apart," and "completely destroyed much of what was in the house." (*Id*. at ¶ 17.) According to Plaintiff, these Defendants took $850 in cash from Plaintiff "but only turned in $340 of that amount." (*Id*. at ¶ 18.) An unidentified officer arrived at the scene and " when he saw what was going to [sic] he got back in his police car, and said: 'I am not doing this.'" (*Id*. at ¶ 19.)

Plaintiff claims that, although he did not have any drugs or any drugs on him at the time, he was taken to jail and booked on drug charges on October 2, 2012. (*Id.* at ¶ 20-21.) He asserts he was not able to make bond and get out of jail until December 7, 2012. (*Id.* at ¶ 22.) Plaintiff claims that, upon advice of appointed counsel, he "pleaded guilty on January 2013 to avoid further charges being fraudulently added and/or the possibility of maximum sentencing." (*Id.* at ¶ 23.) He was sentenced to a four year term of incarceration and "was in the prison facilities at Lorain, Richland, and Trumbull for over three years." (*Id*. at ¶ 24-25.) After serving his sentence, Plaintiff was transferred to a halfway house, where he stayed until August 12, 2016. (*Id.* at ¶ 26-27.) He was "also required to meet his Probation Officers every night for three years at the State Building in Cleveland, Ohio." (*Id.* at ¶ 28.) Plaintiff claims his conviction and sentence was subsequently vacated.[3] (*Id.*)

---

[3] The Complaint indicates that Plaintiff's underlying criminal case relating to this incident is *State v. Derrico*, Cuyahoga County Court of Common Pleas Case No. CR-12-567618. The publicly available docket for that case indicates Plaintiff was arrested on drug charges on October 3, 2012 and indicted on October 15, 2012. Plaintiff was appointed counsel and pled not guilty on October 29, 2012. On February 4, 2013, Plaintiff pled guilty to amended trafficking and drug possession charges with forfeiture specifications. The state trial court sentenced Plaintiff to a four year term of imprisonment, along with three years of post-release control. Nearly four years later, on December 13, 2016, the State filed a motion to vacate Plaintiff's conviction and sentence on the grounds that "the County Prosecutor no longer has confidence in [his] conviction." After conducting a hearing, the trial court granted the State's motion, vacated Derrico's conviction, and terminated his post-release control.

3

The Complaint then sets forth "verbatim citations" to what appears to be portions of (1) an unidentified newspaper article regarding Defendants Moore, Malone, and James; and (2) a federal indictment against some of these Defendants in United District Court for the Northern District of Ohio. Taken together, these "citations" appear to allege that Defendants Moore, Malone and Jones were charged in federal court on conspiracy and other charges relating to illegal actions taken while these Defendants were employed as City of East Cleveland police officers, including the falsification of police reports and making false statements in search warrant affidavits.[4] (*Id.* at pp. 12-17.) Plaintiff alleges Defendants Moore, Malone, and Jones "provided prosecutors with fabricated evidence which allowed the State, unfortunately, to charge Mr. Derrico with [trafficking and drug possession charges], the conviction of which were subsequently dropped by the State of Ohio." (*Id.* at ¶ 36.)

The Complaint asserts numerous violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 based on the Fourth, Fifth, Eighth, and Fourteenth Amendments, including (1) malicious prosecution; (2) "concerted unlawful and malicious subsequent arrests and charges;"

---

[4] The Complaint is not a model of clarity. However, the Court takes notice that Defendants Moore, Malone and Jones were criminally charged in this Court on various charges in 2015. Specifically, in *United States v. Moore*, Case No. 1:15CR363 (N.D. Ohio), Defendant Moore was indicted on the following charges: (1) conspiracy against rights, in violation of 18 U.S.C. § 241; (2) Hobbs Act conspiracy in violation of 18 U.S.C. § 1951; (3) two counts of theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A); and (4) false statement to law enforcement, in violation of 18 U.S.C. § 1001. (Doc. No. 1.) Moore pled guilty in December 2015 and, in April 2016, was sentenced to a term of imprisonment of 108 months. With respect to Defendants Malone and Jones, the record reflects these Defendants were charged in October 2015 with conspiracy against rights in violation of 18 U.S.C. § 241 and Hobbs Act conspiracy in violation of 18 U.S.C. § 1951. *See United States v. Malone, et al.*, Case No. 1:15CR373 (N.D. Ohio). Malone and Jones pled guilty in November 2015. In April 2016, Jones was sentenced to a term of imprisonment of 46 months and Malone was sentenced to 71 months imprisonment.

(3) "concerted unlawful and malicious sequential fabrication, destruction of evidence, and alteration of evidence;" (4) "neglecting to prevent defendant officers under this control" from violating Plaintiff's due process and equal protection rights; and (5) conspiracy. (*Id*. at pp. 25-34.) Plaintiff also alleges (1) failure to properly hire, train, discipline and/or supervise; (2) failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department; and (3) "condoning a pattern, practice and/or custom of police officer intimidation and abuse." (*Id*. at pp. 31-32.) In addition, the Complaint asserts various state law claims, including terrorism, treason, and violations of the Ohio Constitution.[5] (*Id.* at pp. 34-45.) Plaintiff alleges he suffered various "emotional, personal, and financial damages" enumerated in the Complaint. (*Id*. at pp. 46-47.) He also seeks attorney fees and costs. (*Id*. at p. 47.)

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc*., 287 F.3d 568, 573 (6th Cir.2002). Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. *See Metheney v. United States*, 2017 WL 2105303 at * 1 (N.D. Ohio May 12, 2017). "A facial attack on the subject matter jurisdiction alleged by

---

[5] The Complaint also sets forth various "verbatim citations of Ohio Revised Code," specifically to Ohio Rev. Code Sections 2743.52, 2743.66, 2743.71, and 2743.75. However, the Complaint fails to articulate a cause of action against Defendant State of Ohio under any of these Ohio statutes.

5

the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *McGuire v. Ameritech Servs.*, 253 F. Supp.2d 988, 993–94 (S.D. Ohio 2003) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). *See also Machisa Design Services, Inc. v. Board of Educ. Of School Dist. of the City of Columbus*, 2013 WL 80273 at * 2 (S.D. Ohio 2013). In contrast, a factual challenge "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citations omitted). *See also Metheney*, 2017 WL 2105303 at * 1.

Here, Defendant State of Ohio raises a facial attack on this Court's jurisdiction, which involves the same general pleading standards as Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6), the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In order to survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief

above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n*., 528 F.3d 426, 430 (6th Cir.2008) (quoting in part *Twombly*, 550 U.S. at 555–556, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)) (quoting *Twombly*, 127 S.Ct. at 1964). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

## IV. Analysis

In its Motion to Dismiss, Defendant State of Ohio argues Plaintiff's claims against it should be dismissed for several reasons. First, Defendant argues it is immune from suit under the Eleventh Amendment. Second, Defendant maintains that "any section 1983 claim against Ohio a automatically fails" because Ohio is an improper defendant for such claims. Finally,

7

Defendant argues the Complaint fails to articulate any claim for relief against the State of Ohio, maintaining that "outside of bare conclusions, the allegations fail to show that Ohio has any role in this case." (Doc. No. 7 at 4.)

Although granted an extension of time within which to do so, Plaintiff failed to file a response to Defendant's Motion. Thus, the State of Ohio's Motion to Dismiss is unopposed.

The Eleventh Amendment[6] bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). *See also Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (absent the express consent of the state, Eleventh Amendment operates as a bar to federal court jurisdiction when a private citizen sues a state or its instrumentalities); *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (same). There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies. *Boler v. Early*, 865 F.3d 391, 410 (6th Cir. 2017). *See also Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016).

With respect to the instant case, it is well established that the State of Ohio has not

---

[6] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. CONST., AMEND. XI. The Supreme Court has interpreted this Amendment as granting states broad sovereign immunity from federal suits filed by their own citizens as well as citizens of other states. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120-21, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

waived sovereign immunity in federal court.  *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (noting that "Ohio has not waived its sovereign immunity in federal court"); *Jones v. Hamilton County Sheriff*, 838 F.3d 782, 786 (6th Cir. 2016) ("Ohio has not consented to state law damages actions against the State of Ohio, including actions against state officials acting in their official capacity, outside of its own courts."); *Moss v. Columbus Bd. of Educ.*, 98 Fed. Appx. 393, 395 (6th Cir. April 8, 2004).  In addition, the Supreme Court has held that the federal statute invoked in this case, 42 U.S.C. § 1983, was not intended to abrogate the States' Eleventh Amendment immunity.  *See Will*, 491 U.S. at 66-67; *Quern v. Jordan*, 440 U.S. 332, 340-41, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).  *See also Boler,* 865 F.3d at 410 ("Section 1983 does not abrogate Eleventh Amendment immunity"); *Lee Testing & Engineering, Inc. v. Ohio Dep't of Transp.*, 855 F.Supp.2d 722, 725-726 (S.D. Ohio 2012) ("It is well settled that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity.")  Accordingly, and in the absence of any argument from Plaintiff to the contrary, the Court finds the first two exceptions to sovereign immunity are inapplicable.

The third exception, set forth in *Ex Parte Young, supra*, allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, "regardless of whether compliance might have an ancillary effect on the state treasury."  *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citations omitted).  However, the doctrine does not extend to retroactive relief or claims for money damages.  *Id.* at 508.  *See also Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Boler*, 865 F.3d at 412.  Here, Plaintiff does not argue the *Ex Parte Young* exception is applicable.  Moreover, the Complaint seeks monetary damages only and does not

seek prospective injunctive relief against state officials sued in their official capacity. Accordingly, the Court finds the *Ex Parte Young* exception does not apply.

Thus, and for all the reasons set forth above, the Court finds Plaintiff's claims against Defendant State of Ohio are barred by the doctrine of sovereign immunity.[7]

Finally, even assuming sovereign immunity were not applicable, Plaintiff has failed to adequately plead plausible claims for relief against Defendant State of Ohio under Fed. R. Civ. P. 12(b)(6). With regard to Plaintiff's federal claims under Section 1983, the Supreme Court has held that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for purposes of a § 1983 claim. *See Will*, 491 U.S. at 71. *See also Clark v. Ohio Dept. of Youth Services*, 2015 WL 4067316 at * 3 (N.D. Ohio July 2, 2015); *Lee Testing & Engineering, Inc.*, 855 F. Supp.2d at fn 1. Thus, Plaintiff's Section 1983 claims against Defendant State of Ohio fail as a matter of law. With regard to Plaintiff's state law claims, the Court finds Plaintiff has failed to adequately plead its state law claims against this Defendant. The Complaint states it is suing the State of Ohio "in its official capacity as overseer of all law enforcement agencies for the cities in Ohio," but fails to set forth sufficient factual allegations in support of any specific state law claims against this particular Defendant. (Doc. No. 1 at ¶ 9(E)). Consequently, the Court finds Plaintiff fails to state claims for monetary

---

[7] In the Complaint, Plaintiff asserts generally, and without citation to authority, that "courts have repeatedly ruled that public officers have no immunity for their criminal acts including fraud. Since both treason and the interference with interstate commerce are criminal acts, no public officer has immunity to engage in such acts under the 11th Amendment to the United States Constitution." (Doc. No. 1 at ¶ 88.) Assuming *arguendo* sovereign immunity would not apply to criminal acts, this argument fails because the Complaint fails to set forth sufficient factual allegations indicating the *State of Ohio* engaged in fraud, treason, or any other criminal act relating to the Complaint.

damages against the State of Ohio as a matter of law.

## V. Conclusion

For all of the foregoing reasons, Defendant State of Ohio's Motion to Dismiss (Doc. No. 7) is GRANTED.

**IT IS SO ORDERED.**


Date: September 7, 2017 *s/ Jonathan D. Greenberg*
Jonathan D. Greenberg
U.S. Magistrate Judge