**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WALTER DERRICO,** | ) | **CASE NO.: 1:17-CV-866** |
| | ) | |
| Plaintiff, | ) | **JUDGE: PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TORRIS MOORE,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT, THE CITY OF EAST CLEVELAND'S**
**MOTION FOR SUMMARY JUDGMENT**

---

NOW Comes, Defendant, the City of East Cleveland, by and through its undersigned counsel of record; and pursuant to Fed.R.Civ.P 56(C); the City of East Cleveland hereby respectfully moves this honorable Court for summary judgment on all of Plaintiff Walter Derrico's claims and to enter an Order dismissing Plaintiff's Complaint with prejudice.

As more fully set forth hereinafter, in that Plaintiff, Walter Derrico (Mr. Derrico) has failed to set forth any claim cognizable under federal or state law this Court, finding that the City of East Cleveland is entitled to judgment as a matter of law, should grant the City of East Cleveland summary judgment; and dismiss Mr. Derrico's Complaint with prejudice.

Respectfully submitted,


/s/ *Willa M. Hemmons*
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for City of East Cleveland

## INTRODUCTION

Three former East Cleveland Police Officers, Sgt. Torris Moore and Detectives Antonio Malone and Eric Jones (the Former Police Officers) were arrested in 2015, charged and later convicted of conspiring to illegally seized tens of thousands of dollars from suspected drug dealers.

Mr. Walter Derrico has claimed that, on or about October 2, 2012, while standing outside a home at 428 Arbor Street in Cleveland, Ohio he was approached by the Former Police Officers, slammed to the ground, and accused of possessing illegal drugs.  Mr. Derrico further alleges that the Former Police Officers then ransacked the home at 428 Arbor Street; and seized monies from him that later went unaccounted.

Mr. Derrico, further claims that in leading to his wrongful imprisonment, the Former Police Officers fabricated evidence, falsified affidavits and presented false grand jury testimony.

As more fully set forth hereinafter, even when provided a liberal construction, Mr. Derrico's federal claims must be dismissed for failure to state a claim upon which relief can be granted.

## LAW AND ANALYSIS

From the onset, the City of East Cleveland begs this Court's indulgence as disposition of this matter requires a careful parsing of Mr. Derrico's Complaint in order to provide for an accurate analysis of the myriad/compound issues presented.

In this action, Mr. Derrico has asserted: (i) a claim for malicious prosecution and false charging under 42 U.S.C. § 1983 - asserting thereunder violations of his Constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments (see EFC Doc. # 1 at ¶¶ 43-47;

Count I); (ii) claims under Sections 1983, 1985, 1986 and 1988 (Id. at¶¶ 48-55; Count II); (iii) a conspiracy claim (Id. at ¶¶ 56-72; Count III); (iv) a Section 1983 claim alleging liability of the East Cleveland Police Department (Id. at ¶¶ 73-77; Count IV);  and (v) claims for violation of his rights to due process and equal protection under the law (Id. at ¶¶ 78-79; Count V);  .(vi) various claims under Ohio law claims (Id. at ¶¶ 80-82); (vii) a claim for terrorism (Id. at ¶ 83); and (viii) Ohio law claim for treason (Id. at ¶¶ 84-89).

As more fully set forth hereinafter, this Court should find that as Mr. Derrico has failed to set forth any federal claims upon which relief may be afforded; and as his purported state claims lack a civil remedy; this Court is urged to dismiss Mr. Derrico's Complaint with prejudice.

## I.    LEGAL STANDARD.

Summary judgment is appropriate when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden to "demonstrate the absence of a genuine [dispute] of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Finally, "[i]n making this assessment, [the Court] must view all evidence in the light most favorable to the nonmoving party." Tennial v. United Parcel Serv., Inc., 840 F.3d 292, 301 (6th Cir. 2016).

This Court's "duty to view the facts in a light most favorable to the nonmovant does not require or permit the court to accept mere allegations that are not supported by factual evidence." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009). "To make out a genuine issue of material fact, [the] plaintiff must present significant probative evidence

tending to support her version of the facts, *evidence* on which a reasonable jury could return a verdict for her." *Id.* at 913.

Further, this Court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences.  See *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001).

A plaintiff may negate his claim by including unnecessary details that contradict it. *Sprewell*, 266 F.3d at 988.  A court, for example, is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  See also *Soo Line R.R. v. St. Louis Southwestern Ry., Co.*, 125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

As more fully set forth hereinafter, although Mr. Derrico is entitled to a favorable review of the evidence; in that the evidence of record finds that there is no genuine issue of material fact, and as the City of East Cleveland is entitled to judgment as a matter of law, this Court should enter summary judgment in favor of the City of East Cleveland and issue an Order dismissing Mr. Derrico's Complaint with prejudice.

**II.     COUNTS VII AND VIII OF MR. DERRICO'S COMPLAINT RESPECTIVELY ASSERTING CLAIMS FOR TERRORISM AND TREASON MUST BE DISMISSED AS THERE DOES NOT EXIST EITHER A FEDERAL OR STATE CIVIL REMEDY.**

As an initial matter, this Court is respectfully urged to address, out of turn, Counts VII and VIII of Mr. Derrico's Complaint, which respectively assert claims for Terrorism and Treason.  In disposition of these claims, this Court is urged that under the facts of this case, there does not exist either a civil remedy under federal or state law for the alleged acts of terrorism or treason.

While Mr. Derrico inaccurately asserts that the state courts possess jurisdiction under R.C. 2903.06 to hear a civil action seeking a civil remedy for an act of terrorism (see EFC Doc. No. 1 at ¶ 83); it is observed, that R.C. 2903.06 does not provide a remedy for the alleged acts of terrorism but instead provides for the criminal prosecution of a person charged with aggravated vehicular homicide.

However, a review of Ohio law finds that the only civil remedy that Mr. Derrico could possibly pursue, based on his claim of terrorism, would be an action brought pursuant to R.C. 2743.51 before the Ohio Court of Claims.

While it is difficult to see how Mr. Derrico can meet the mandatory statutory prerequisites for such claim, it is urged that his Complaint clearly fails to state a claim upon which this Court could exercise pendent jurisdiction, as pursuant to R.C. 2743.03 the Ohio Court of Claims possesses exclusive, original jurisdiction over such claims.  See *Jones v. Hamilton County Sheriff*, 838 F.3d 782, 786 (6th Cir. 2016).  See also *Ashcroft v. Iqbal*, 556 U.S. 662 (June 19, 2017).

This Court is respectfully urged therefor to find that Mr. Derrico has failed to state a claim upon which relief may be granted; and, accordingly Counts VII and VIII of his Complaint must be dismissed with prejudice.

**III.    COUNTS I THROUGH VI OF MR. DERRICO'S COMPLAINT MUST BE DISMISSED AS THE CITY OF EAST CLEVELAND IS ENTITLED TO ASSERT IMMUNITY UNDER OHIO R.C. 2744.**

In examining the elements necessary to prove a malicious prosecution claim, it becomes evident that Count I must be dismissed as against the City of East Cleveland.  First, it is observed that in order to prove such a claim, Mr. Derrico is required to show that:  (1) the defendant commenced or continued an original criminal or civil judicial proceeding; (2) the proceeding terminated in favor of the plaintiff; (3) there was an absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.  See *Hurlbert v. Charles*, 938 N.E.2d 507, 512 (Ill. 2010).

Ohio law generally immunizes municipalities from civil liability flowing from "loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio Rev. Code § 2744.02(A)(1).  Exceptions to this general rule exist, but none expose municipalities to liability for the intentional torts of municipal employees. *See Griffits v. Vill. of Newburgh Heights*, No. 91428, 2009 WL 280376, ¶ 26 (Ohio Ct. App. 2009) ("[W]e note that [Ohio] courts have generally held that because R.C. 2744.02(B) includes no specific exceptions for intentional torts, political subdivisions are immune from intentional tort claims."). Specifically, Ohio courts have held that "no section of the [Ohio] Revised Code expressly imposes liability upon a public agency for . . . malicious prosecution . . . ." *Id.* (collecting cases). Since both malicious prosecution and abuse of process have intent elements, the district court

6

correctly held that the City is immune from liability on both claims.  *Faulkner*, 2016 WL 3855203 at *12-14.

Based on the foregoing study it is urged that as the City of East Cleveland is entitled to immunity under the Ohio Political Subdivision Tort Liability Act, and that all of Mr. Derrico's claims against the City of East Cleveland must be dismissed with prejudice.

### A. COUNT III OF MR. DERRICO'S COMPLAINT SHOULD BE DISMISSED AS THE CITY OF EAST CLEVELAND IS ENTITLED TO ASSERT IMMUNITY UNDER OHIO REVISED CODE 2744.

Mr. Derrico next submits that the City of East Cleveland should be held liable under Section 1983, as any inaction by the City constituted a deliberate indifference to the constitutional rights of Mr. Derrico.

A person "can be held liable... [for] omissions, amounting at the least to reckless' or callous' indifference to the constitutional rights of others."  *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989).  A municipal entity can also be held liable for the actions of lower-level employees where a policymaking official ordered the actions taken or "exhibits deliberate indifference to constitutional deprivations caused by subordinates, **such that the official's inaction constitutes a 'deliberate choice.'**" *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 126 (2d Cir. 2004) (quoting *City of Canton v. Harris,* 489 U.S. 378, 388 (1989)).  In the latter case, "that acquiescence may 'be properly thought of as a city 'policy or custom' that is actionable under § 1983.'" *Id.* (quoting *City of Canton,* 489 U.S. at 388).

It is clear that Mr. Derrico's conclusory allegation that the Former East Cleveland Police Officers, "…acted in solido with [against the City of East Cleveland]…" (see Doc. No. 1 at ¶. 9); stands in conflict with his further assertions that: the conspirators made materially false and misleading statements and material omissions in search warrant affidavits in order to obtain court

ordered warrants to search certain premises (id. at ¶ 35(j)); the Former Police Officers concealed their illegal conduct by creating false police reports and other documentation, *to conceal the lack of probable* cause for the searches and to conceal the stolen money and property.  (Id. at ¶ 35(q) (Emphasis added); that materially false information was provided to the Cuyahoga County Prosecutors Office; (Id at ¶ 35 (r)); and to "…conceal their illegal conduct, [the Former Officers] directed criminal defendants who had acted as sources to provide false information to the Cuyahoga County Common Pleas Court."  (Id. at ¶ 35(s)).

Mr. Derrico's complaint therefore clearly sets forth the means and methods by which the Former Police Officers kept their nefarious activities concealed from the other named Defendants.   This Court is urged that as the latter allegations of concealment contradict Mr. Derrico's allegation of a conspiracy this Court should find that he has failed to state a claim upon which relief may be granted.  A court, for example, is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, 806 F.3d 125, 142 (3rd Cir. 2015) (…"we need not give legal effect to 'conclusory allegations' that are contradicted by the pleader's actual description of what happened.")

## <u>CONCLUSION</u>

Based on the foregoing study, this Court is respectfully urged to find that as the City of East Cleveland is entitled to immunity under the Ohio Political Subdivision Tort Liability Act R.C. 2744, and as Plaintiff Walter Derrico has failed to present any evidence to present a genuine issue of material fact sufficient to defeat the City of East Cleveland's entitlement to immunity this Court is therefore urged find that as a matter of law the City of East Cleveland is entitled to judgment and this Court should therefore enter judgment in favor of the City of East Cleveland and dismiss Plaintiff Walter Derrico's Complaint with prejudice.

Respectfully submitted,

/s/ *Willa M. Hemmons*
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for City of East Cleveland

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of *Defendant, The City of East Cleveland's Motion for Summary Judgment* was electronically filed with the Court on this 18th day of October, 2017; and that by operation of this Court's electronic notification system a copy thereof is made available to all registered parties. The undersigned further certifies that a true and accurate copy of the *Defendant, The City of East Cleveland's Motion for Summary Judgment* was on this 18th day of October, 2017 sent via first class regular U.S. mail to:

| Cross-Claim Defendant Torris Moore at: | Cross-Claim Defendant Antonio Malone at: | Cross-Claim Defendant Eric Jones at: |
|---|---|---|
| TORRIS MOORE (61296-060) FMC CARSWELL FEDERAL MEDICAL CENTER P.O. BOX 27137 FORT WORTH, TX 76127 | ANTONIO MALONE (61336-060) FCI BENNETTSVILLE FEDERAL CORRECTIONAL INSTITUTION P.O. BOX 52020 BENNETTSVILLE, SC 29512 | ERIC JONES (61337-060) FMC DEVENS FEDERAL MEDICAL CENTER P.O. BOX 879 AYER, MA 01432 |
|  |  |  |

Respectfully submitted,


/s/ Willa M. Hemmons
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112

Attorney Defendants/Cross-Claim Plaintiffs, the City of East Cleveland and the East Cleveland Police Department