**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| WALTER DERRICO, | ) | CASE NO: 1:17CV866 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| TORRIS MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

This case is before the Court upon consent of the parties, entered June 30, 2017. (Doc. No. 12.) Currently pending is Plaintiff Walter Derrico's Motion to Lift Stay. (Doc. No. 29.) Defendant City of East Cleveland opposed the Motion. (Doc. No. 30.) For the following reasons, Plaintiff's Motion to Lift Stay (Doc. No. 29) is GRANTED.

### I. Procedural Background

On April 22, 2017, Plaintiff Walter Derrico ("Plaintiff" or "Derrico") filed a Complaint against Defendants City of East Cleveland and City of East Cleveland Police Department (hereinafter the "City of East Cleveland Defendants"); former East Cleveland police officers Torris Moore, Eric Jones, and Antonio Malone; the State of Ohio; "Public Official Does Nos. 1-3;" and "ABC & XYZ Insurance Carriers Providing Occurrence Coverage for Police Activities such as Identified & Verified herein." (Doc. No. 1.) Plaintiff alleged numerous state and federal claims arising from his arrest, prosecution, and imprisonment for various drug charges. (Doc.

1

No. 1.)  The City of East Cleveland Defendants filed an Answer on June 2, 2017, along with Cross claims against Defendants Jones, Moore, and Malone.[1]  (Doc. No. 5.)  A case management conference was thereafter conducted on June 30, 2017, at which time case management deadlines were set.  (Doc. No. 11.)

Meanwhile, on June 5, 2017, Defendant State of Ohio filed a Motion to Dismiss Pursuant to Fed. R. Civ. Pr. 12(b)(1) and 12(b)(6).  (Doc. No. 7.)  Plaintiff did not file a response.  On September 9, 2017, this Court issued a Memorandum Opinion & Order granting the State of Ohio's Motion and dismissing it from the case.  (Doc. No. 14.)

The City of East Cleveland Defendants thereafter filed Motions for Summary Judgment and to Dismiss.  (Doc. Nos.  16, 17.)  Plaintiff moved to strike both motions.  (Doc. Nos. 19, 20.)  Defendants opposed the Motion to Strike and, in the alternative, moved for leave to file a Motion to Dismiss.  (Doc. No. 22.)

On November 3, 2017, Plaintiff and the City of East Cleveland Defendants filed a Joint Motion to Stay.  (Doc. No. 21.)  The motion explained as follows:

> On October 27, 2017, this Court held a telephonic status conference with the Parties; and thereafter Mr. Derrico agreed to pursue relief before the Ohio Court of Claims. As this Court is aware, Mr. Derrico is first required to seek, before the Cuyahoga County Court of Common Pleas, a declaration that he was wrongfully convicted. Thereafter, Mr. Derrico may seek relief before the Ohio Court of Claims.  At this juncture it is unknown the length of time it will take to resolve this matter before the Ohio Court of Claims.  Therefore, this Court is respectfully urged that a stay of this matter, be provided by Order of this Court.

(*Id*.)

---

[1] The Court notes Defendants Moore, Jones, and Malone have not entered an appearance in this case.  None of these Defendants have answered or otherwise responded to either the Complaint or the City of East Cleveland's Cross claims.

2

On December 7, 2017, the Court issued an Order granting a stay to allow Plaintiff to pursue relief before the Ohio Court of Claims. (Doc. No. 23.) The stay was granted on the condition, however, that Plaintiff (1) initiate proceedings in state court within thirty (30) days of this Order; and (2) file monthly status reports in this Court regarding the progress of his state court proceedings. (*Id*.) Defendants' Motions for Summary Judgment and to Dismiss, and Plaintiff's Motions to Strike, were denied without prejudice subject to refiling once the stay is lifted. (*Id*.)

Plaintiff filed Monthly Status Reports on January 12, February 12, March 30, and May 2, 2018. (Doc. Nos. 24, 25, 26, and 28.) In the last of these Status Reports, Plaintiff stated as follows:

> Ohio law providing for benefits to persons wrongfully imprisoned involves two separate and distinct actions. A claimant must first file an action in common pleas court to be declared an eligible individual. If the common pleas court finds the individual to be eligible, an action is brought in the Court of Claims to determine compensation. Mr. Derrico has filed the [Cuyahoga] common pleas court action, Docket No. CV 18 891381.
>
> The State of Ohio moved for judgment on the pleadings. The basis for that motion was that Mr. Derrico had plead guilty and Ohio Revised Code §2743.48(A)(2) prohibits persons who pled guilty to received compensation. Mr. Derrico argued that the prohibition constitutes an unconstitutional classification under both the United States Constitution and the Ohio Constitution. During the past week, the common pleas court granted the State of Ohio judgment on the pleadings and dismissed the action with prejudice. Mr. Derrico is in the process of filing an appeal to the Ohio Court of Appeals for the Eighth District.

(Doc. No. 28.) Plaintiff maintains "given the progress of the state action to date, Mr. Derrico believes it would be necessary and prudent to reactivate his federal lawsuit." (*Id*.) He indicated an intent to file motions to lift the stay, amend his federal Complaint, and establish a discovery schedule. (*Id*.)

On May 15, 2018, Plaintiff filed a "Motion to Lift Stay of Proceedings." (Doc. No. 29.) Therein, he asserts, summarily,[2] that "there is much more litigation needed to determine if [he] is even eligible for compensation under the Ohio Wrongful Imprisonment Statute" and "it would not be productive to keep this case on hold while [he] pursues appeals which may or may not be successful in the state court." (*Id*. at 1.) Derrico requests the Court (1) lift the stay; (2) set a date by which he may file an Amended Complaint; (3) set a discovery schedule; and (4) set dates for the filing of dispositive motions and responses. (*Id*. at 2.)

Defendant City of East Cleveland filed a Brief in Opposition on May 30, 2018. (Doc. No. 30.) Defendant maintains that, under the Pullman Abstention Doctrine, this matter should remained stayed until Derrico's state appeal has been decided. Defendant asserts that "should the Eighth District Appellate Court determine that Mr. Derrico is qualified to pursue his claims, the Ohio Court of Claims would possess exclusive, original jurisdiction over such claims, and this Court would therefore lack subject matter jurisdiction." (*Id*.) Lastly, Defendant argues that, as Plaintiff has requested the state appellate court resolve the constitutional question at issue, this Court would be precluded from further addressing the issue under principles of *res judicata*. (*Id*.)

Derrico failed to file a response.

## II. Factual Allegations

The Complaint contains the following factual allegations. On October 2, 2012, Plaintiff was talking with friends outside 428 Arbor Street in Cleveland, Ohio. (Doc. No. 1 at ¶ 12.) An

---

[2] Derrico's motion is one and a half pages in length and fails to cite any legal authority in support of his request. (*Id*. at 1-2.)

unmarked car came down the street and stopped at that address.  (*Id.* at ¶ 13.)  Defendants Moore, Malone and Jones (who were City of East Cleveland police officers at the time) exited the unmarked car and approached Plaintiff.  (*Id*. at ¶ 14.)  One of these Defendants "slammed [Plaintiff] to the ground" and asked him, "Where is the dope? We heard you got some dope?" (*Id*. at ¶ 15.)  Defendants Moore, Malone, and Jones kept Plaintiff on the ground for approximately 40 minutes, "handcuffed with his face down on the ground."  (*Id.* at ¶ 16.)

Plaintiff alleges Defendants Moore, Malone and Jones then entered 428 Arbor Street without a warrant, "tore the house apart," and "completely destroyed much of what was in the house."  (*Id*. at ¶ 17.)  According to Plaintiff, these Defendants took $850 in cash from Plaintiff "but only turned in $340 of that amount."  (*Id*. at ¶ 18.)  An unidentified officer arrived at the scene and " when he saw what was going to [sic] he got back in his police car, and said: 'I am not doing this.'" (*Id*. at ¶ 19.)

Plaintiff claims that, although he did not have any drugs on him at the time, he was taken to jail and booked on drug charges on October 2, 2012.  (*Id.* at ¶ 20-21.)  He asserts he was not able to make bond and get out of jail until December 7, 2012.  (*Id.* at ¶ 22.)  Plaintiff claims that, upon advice of appointed counsel, he "pleaded guilty on January 2013 to avoid further charges being fraudulently added and/or the possibility of maximum sentencing." (*Id.* at ¶ 23.)  He was sentenced to a four year term of incarceration and "was in the prison facilities at Lorain, Richland, and Trumbull for over three years."  (*Id*. at ¶ 24-25.)  After serving his sentence, Plaintiff was transferred to a halfway house, where he stayed until August 12, 2016.  (*Id.* at ¶ 26-27.)  He was "also required to meet his Probation Officers every night for three years at the State Building in Cleveland, Ohio."  (*Id.* at ¶ 28.)  Plaintiff claims his conviction and sentence was

subsequently vacated.[3] (*Id.*)

The Complaint then sets forth "verbatim citations" to what appears to be portions of (1) an unidentified newspaper article regarding Defendants Moore, Malone, and James; and (2) a federal indictment against some of these Defendants in United District Court for the Northern District of Ohio. Taken together, these "citations" appear to allege that Defendants Moore, Malone and Jones were charged in federal court on conspiracy and other charges relating to illegal actions taken while these Defendants were employed as City of East Cleveland police officers, including the falsification of police reports and making false statements in search warrant affidavits.[4] (*Id.* at pp. 12-17.) Plaintiff alleges Defendants Moore, Malone, and Jones

---

[3] The Complaint indicates that Plaintiff's underlying criminal case relating to this incident is *State v. Derrico*, Cuyahoga County Court of Common Pleas Case No. CR-12-567618. The publicly available docket for that case indicates Plaintiff was arrested on drug charges on October 3, 2012 and indicted on October 15, 2012. Plaintiff was appointed counsel and pled not guilty on October 29, 2012. On February 4, 2013, Plaintiff pled guilty to amended trafficking and drug possession charges with forfeiture specifications. The state trial court sentenced Plaintiff to a four year term of imprisonment, along with three years of post-release control. Nearly four years later, on December 13, 2016, the State filed a motion to vacate Plaintiff's conviction and sentence on the grounds that "the County Prosecutor no longer has confidence in [his] conviction." After conducting a hearing, the trial court granted the State's motion, vacated Derrico's conviction, and terminated his post-release control.

[4] The Complaint is not a model of clarity. However, the Court takes notice that Defendants Moore, Malone and Jones were criminally charged in this Court on various charges in 2015. Specifically, in *United States v. Moore*, Case No. 1:15CR363 (N.D. Ohio), Defendant Moore was indicted on the following charges: (1) conspiracy against rights, in violation of 18 U.S.C. § 241; (2) Hobbs Act conspiracy in violation of 18 U.S.C. § 1951; (3) two counts of theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A); and (4) false statement to law enforcement, in violation of 18 U.S.C. § 1001. (Doc. No. 1.) Moore pled guilty in December 2015 and, in April 2016, was sentenced to a term of imprisonment of 108 months. With respect to Defendants Malone and Jones, the record reflects these Defendants were charged in October 2015 with conspiracy against rights in violation of 18 U.S.C. § 241 and Hobbs Act conspiracy in violation of 18 U.S.C. § 1951. *See United States v. Malone, et al.*, Case No. 1:15CR373 (N.D. Ohio). Malone and Jones pled guilty in November 2015. In April 2016, Jones was sentenced to a term of imprisonment of 46 months and Malone was sentenced to 71

"provided prosecutors with fabricated evidence which allowed the State, unfortunately, to charge Mr. Derrico with [trafficking and drug possession charges], the conviction of which were subsequently dropped by the State of Ohio." (*Id*. at ¶ 36.)

The Complaint asserts numerous violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 based on the Fourth, Fifth, Eighth, and Fourteenth Amendments, including (1) malicious prosecution; (2) "concerted unlawful and malicious subsequent arrests and charges;" (3) "concerted unlawful and malicious sequential fabrication, destruction of evidence, and alteration of evidence;" (4) "neglecting to prevent defendant officers under this control" from violating Plaintiff's due process and equal protection rights; and (5) conspiracy. (*Id*. at pp. 25-34.) Plaintiff also alleges (1) failure to properly hire, train, discipline and/or supervise; (2) failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department; and (3) "condoning a pattern, practice and/or custom of police officer intimidation and abuse." (*Id*. at pp. 31-32.) In addition, the Complaint asserts various state law claims, including terrorism, treason, and violations of the Ohio Constitution.[5] (*Id.* at pp. 34-45.) Plaintiff alleges he suffered various "emotional, personal, and financial damages" enumerated in the Complaint. (*Id*. at pp. 46-47.) He also seeks attorney fees and costs. (*Id*. at p. 47.)

### III. Analysis

---

months imprisonment.

[5] The Complaint also sets forth various "verbatim citations of Ohio Revised Code," specifically to Ohio Rev. Code Sections 2743.52, 2743.66, 2743.71, and 2743.75. However, the Complaint fails to articulate a cause of action against under any of these Ohio statutes.

As noted above, Defendant City of East Cleveland argues Plaintiff's Motion to Lift Stay should be denied on the basis of the Pullman Abstention Doctrine. (Doc. No. 30 at 3.) Plaintiff failed to acknowledge or address this argument.

As the Sixth Circuit recently explained, "'[t]he doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it.'" *Jones v. Coleman*, 848 F.3d 744, 749 (6th Cir. 2017) (quoting *Cty. of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959)). *See also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (describing the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"). One exception to this general rule is based on the avoidance of "needless friction with state policies," and "a premature constitutional adjudication." *Jones*, 848 F.3d at 749 (citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500, 61 S.Ct. 643, 85 L.Ed. 971 (1941)). This exception, commonly referred to as Pullman abstention, "does not 'involve the abdication of federal jurisdiction, but only the postponement of its exercise,' *Harrison v. NAACP*, 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959), which differentiates it from other forms of federal judicial abstention. *E.g., Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)." *Jones,* 848 F.3d at 749.

In *Pullman*, the Supreme Court "held that federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided.*" Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984). "Thus the primary scenario for a district court's application

8

of Pullman abstention is one in which the state-law question is an unsettled issue best decided by state courts." *Jones*, 848 F.3d at 749. *See also Harris Cty. Comm'rs Court v. Moore*, 420 U.S. 77, 83–84, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975). In *Moore*, the Supreme Court illustrated some considerations for determining when a district court should abstain under *Pullman*:

> Where there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim, we have regularly ordered abstention. Similarly, when the state-law questions have concerned matters peculiarly within the province of the local courts, we have inclined toward abstention. On the other hand, where the litigation has already been long delayed, or where it has seemed unlikely that resolution of the state-law question would significantly affect the federal claim, the Court has held that abstention should not be required.

*Id*. (internal citations omitted). *See also Jones*, 848 F.3d at 749.

Interpreting the above, the Sixth Circuit has explained that "Pullman abstention is warranted only when a state law is challenged and resolution by the state of certain questions of state law may obviate the federal claims, or when the challenged law is susceptible of a construction by state courts that would eliminate the need to reach the federal question." *GTE North, Inc. v. Strand*, 209 F.3d 909, 921 (6th Cir. 2000) (citing *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 306, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)). *See also Hunter v. Hamilton County Bd. Of Elections*, 635 F.3d 219, 233 (6th Cir. 2011) (Pullman abstention "is appropriate only where state law is unclear *and* a clarification of that law would preclude the need to adjudicate the federal question.")(emphasis in original).

Thus, federal courts within this Circuit have articulated two requirements for Pullman abstention: 1) an unclear state law, and 2) the likelihood that a clarification of the state law would obviate the necessity of deciding the federal claim question. *See Tyler v. Collins*, 709 F.2d 1106, 1108 (6th Cir. 1983); *Detroit Memorial Park Ass'n, Inc. v. City of Detroit Bd. of*

9

*Zoning Appeals,* 105 F.Supp.3d 769, 777 (E.D. Mich. May 14, 2015); *American Broadcasting Co., Inc. v. Blackwell*, 479 F.Supp.2d 719, 732 (S.D. Ohio 2006); *Summit County Crisis Pregnancy Center, Inc. v. Fisher*, 830 F.Supp. 1029, 1032 (N.D. Ohio 1993). *See also Slyman v. City of Willoughby, Ohio*, 1998 WL 24990 at * 2 (6th Cir. Jan. 16, 1998); *Smith v. Husted*, 2016 WL 10321579 at * 5 (S.D. Ohio March 11, 2016).

Here, Defendant argues Pullman abstention is appropriate because "abstention will allow the state courts to decide as to whether Mr. Derrico has protectable rights under Ohio Rev. Code 2743.48– the state remedy for wrongful imprisonment." (Doc. No. 30 at 5.) Defendant asserts, summarily, that Ohio Rev. Code 2743.48 is "unclear" and further that, "an interpretation . . . finding that through operation of Crim. R. 48 that [Plaintiff's] guilty plea never occurred would result in avoiding resolution under any federal constitutional question." (*Id*.) Lastly, Defendant argues "abstention would avoid unnecessary federal interference in state operations." (*Id*.)

In order to address Defendant's argument, a brief discussion of Plaintiff's state court civil action is necessary. As noted above, on January 10, 2018, Plaintiff filed a Complaint for Declaratory Relief in the Cuyahoga County Court of Common Pleas, seeking a declaration that he is a "wrongfully convicted individual and that by virtue of that status [he] is entitled to file an action against the State of Ohio in the Ohio Court of Claims to obtain compensation as provided in ORC §§ 2743.51 to 2743.72."[6] *See Derrico v. State*, Cuyahoga County Court of Common

---

[6] The Supreme Court of Ohio has explained: "All wrongful-imprisonment claimants must follow a two-step process. In the first step, the claimant must bring an action in the court of common pleas to secure a determination that he or she is a wrongfully imprisoned individual entitled to compensation. In the second step, the claimant must file a civil action against the state, in the Court of Claims, to recover a sum of money." *Griffith v. City of Cleveland*, 128 Ohio St.3d 35, syllabus ¶ 2 (2010).

10

Pleas Case No. CV-18-891381 (Complt.)

On February 27, 2018, the State of Ohio filed a Motion for Judgment on the Pleadings, arguing Plaintiff's action should be dismissed because "[u]nder the plain language of the wrongful imprisonment statute, a guilty plea is a complete bar to compensation under Ohio's statute." *See Derrico v. State*, Cuyahoga County Court of Common Pleas Case No. CV-18-891381 (Mtn. For Judgment on Pleadings). In this regard, the State noted that Ohio Rev. Code § 2743.48 provides as follows:

> (A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
>
> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.
>
> (2) **The individual was found guilty of, but did not plead guilty to, the particular charge** or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.
>
> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.
>
> (4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.
>
> (5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

Ohio Rev. Code § 2743.48(A)(emphasis added). Because Derrico pled guilty in his underlying

criminal case, the State argued he was not eligible for compensation under Ohio Rev. Code § 2743.49 as a matter of law.

Plaintiff opposed the motion, arguing Ohio Rev. Code §2743.48(A)(2) is unconstitutional because it makes an arbitrary distinction between classes of imprisoned persons; i.e., those who were convicted and those who pled guilty. Plaintiff also sought leave to amend his Complaint to assert this constitutional claim. The State of Ohio opposed the motion for leave to amend. *See Derrico v. State*, Cuyahoga County Court of Common Pleas Case No. CV-18-891381.

On April 5, 2018, the state trial court granted the State of Ohio's Motion for Judgment on the Pleadings, finding "Plaintiff's guilty plea renders him unable to qualify as a wrongfully imprisoned individual under the statute." *See Derrico v. State*, Cuyahoga County Court of Common Pleas Case No. CV-18-891381 (Journal Entry dated 4/5/18). The court also denied Plaintiff's Motion for Leave to Amend his Complaint to assert a claim that §2743.48 is unconstitutional. *Id*. ("This Court finds that Plaintiff failed to make a *prima facie* case showing support for his constitutional challenges and that the attempt to raise them *post hoc* was a direct response to Defendant's motion identifying a bar to Plaintiff's wrongful imprison[ment] claim.") Plaintiff filed a notice of appeal to the Eighth District Court of Appeals of Ohio ("state appellate court") on May 15, 2018. That appeal is still pending as of the date of this Opinion.

For the following reasons, the Court finds Defendant has not demonstrated Pullman abstention is necessary or appropriate under the circumstances presented. Plaintiff's state court appeal challenges the constitutionality of Ohio Rev. Code § 2743.48(A)(2) as applied to

12

individuals (such as himself) who have pled guilty. In the instant case, however, Plaintiff does not raise any challenge to Ohio Rev. Code § 2743.48, constitutional or otherwise. Rather, Plaintiff's Complaint herein asserts numerous civil rights violations under 42 U.S.C. § 1983, including malicious prosecution, due process, equal protection, and conspiracy claims. The Complaint also states various state law claims for terrorism, treason, and violations of the Ohio Constitution. None of these claims, however, challenge the constitutionality of § 2743.48(A)(2).[7]

Thus, this Court will not be called upon to address the constitutional challenge currently pending before the state appellate court. As noted above, "Pullman abstention is warranted only when a state law is challenged and resolution by the state of certain questions of state law may obviate the federal claims . . ." *GTE North, Inc.*, 209 F.3d at 921. Here, Plaintiff has not challenged a state law (i.e. he has not challenged the constitutionality of § 2743.48(A)(2)) and it "seem[s] unlikely that resolution of the state law question would significantly affect the federal claim[s]." *Moore*, 420 U.S. at 83-84. *See also Jones*, 848 F.3d at 749.

Defendant argues, however, that "should the Eighth District Appellate Court determine that Mr. Derrico is qualified to pursue his claims, the Ohio Court of Claims would possess exclusive, original jurisdiction over such claims, and this Court would therefore lack subject matter jurisdiction." (Doc. No. 30 at 3.) This argument is without merit. Ohio Rev. Code § 2743.48(D) provides as follows:

(D) Notwithstanding any provisions of this chapter to the contrary, **a wrongfully**

---

[7] As noted *supra*, the *pro se* Complaint sets forth "verbatim citations" to § 2743.51, 2743.52, § 2743.66, § 2743.71, and 2743.75. (Doc. No. 1 at pp. 35-40.) Plaintiff does not, however, assert any specific claims under any of these statutes.

13

> **imprisoned individual has and may file a civil action against the state**, **in the court of claims**, to recover a sum of money as described in this section, because of the individual's wrongful imprisonment. **The court of claims shall have exclusive, original jurisdiction over such a civil action**. The civil action shall proceed, be heard, and be determined as provided in sections 2743.01 to 2743.20[8] of the Revised Code, except that if a provision of this section conflicts with a provision in any of those sections, the provision in this section controls.

Ohio Rev. Code § 2743.48(D)(emphasis added). By its very terms, the above statute applies only to civil actions filed by a wrongfully imprisoned individual against the State of Ohio. Here, the State of Ohio was dismissed from this action on September 7, 2017. (Doc. No. 14.) Defendant City of East Cleveland, a municipality, has not directed this Court's attention to any legal authority suggesting the above statute applies equally to civil actions filed against a *municipality*. Accordingly, the Court finds this argument to be without merit.

Finally, Defendant argues "in the event the state appellate court were to find that Mr. Derrrico's claim that the disqualification of those persons who have pled guilty, was constitutional and that he was therefore barred from seeking relief under R.C. 2743.48; under the doctrine of *res judicata* Mr. Derrico would be barred from seeking review of that decision before this Court as the proper recourse would require that he appeal such decision to the Ohio Supreme Court." (Doc. No. 30 at 6.) This argument is without merit. As discussed above, in the instant case, Plaintiff is not asking this Court to determine the constitutionality of Ohio Rev. Code § 2743.48(A)(2) as applied to individuals such as himself who have pled guilty. Thus, Defendant

---

[8] In addition, Ohio Rev. Code § 2743.03(A)(1) provides as follows: "The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions **against the state** permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims." Ohio Rev. Code § 2743.03(A)(1)(emphasis added).

has failed to establish the issue of *res judicata* is implicated herein.

Accordingly, and for all the reasons set forth above, the Court finds abstention would not be appropriate under *Pullman, supra* and its progeny. Defendant's arguments to the contrary are without merit and rejected. The Court therefore grants Plaintiff's Motion to Lift Stay. (Doc. No. 29.) The Court will set a status conference with counsel via separate Order, at which time case management deadlines will be set.

## IV. Conclusion

For all of the foregoing reasons, Plaintiff's Motion to Lift Stay (Doc. No. 29) is GRANTED.

**IT IS SO ORDERED.**

Date: July 26, 2018         *s/ Jonathan D. Greenberg*
                            Jonathan D. Greenberg
                            U.S. Magistrate Judge