**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WALTER DERRICO, | ) | CASE NO: 1:17CV866 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| TORRIS MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

This case is before the Court upon consent entered June 30, 2017. (Doc. No. 12.)

Currently pending are the following: (1) Defendant City of East Cleveland's Motion for

Summary Judgment (Doc. No. 54); (2) Defendant City of East Cleveland Police Department's

Motion to Dismiss Party (Doc. No. 55); (3) Defendant City of East Cleveland's "Motion for

Leave to Amend Motion for Summary Judgment or, in the alternative, Motion to grant Summary

Judgment *sua sponte*," (Doc. No. 59); and (4) Plaintiff Walter Derrico's Motion for Partial

Summary Judgment (Doc. No. 56).

For the following reasons, Defendant City of East Cleveland Police Department's Motion

to Dismiss Party (Doc. No. 55) is GRANTED. Defendant City of East Cleveland's "Motion for

Leave to Amend Motion for Summary Judgment or, in the alternative, Motion to grant Summary

Judgment sua sponte," (Doc. No. 59) is DENIED. Plaintiff Walter Derrico's Motion for Partial

Summary Judgment (Doc. No. 56) is DENIED and Defendant City of East Cleveland's Motion

for Summary Judgment (Doc. No. 54) is GRANTED IN PART and DENIED IN PART.

## I. Procedural Background

1

On April 22, 2017, Plaintiff Walter Derrico ("Plaintiff" or "Derrico") filed a Complaint against Defendants City of East Cleveland and City of East Cleveland Police Department (hereinafter the "City of East Cleveland Defendants"); former East Cleveland police officers Torris Moore, Eric Jones, and Antonio Malone; the State of Ohio; "Public Official Does Nos. 1-3;" and "ABC & XYZ Insurance Carriers Providing Occurrence Coverage for Police Activities such as Identified & Verified herein." (Doc. No. 1.) Plaintiff alleged numerous state and federal claims arising from his arrest, prosecution, and imprisonment for various drug charges. (*Id.*) The City of East Cleveland Defendants filed an Answer on June 2, 2017, along with Cross claims against Defendants Jones, Moore, and Malone.[1] (Doc. No. 5.) A case management conference was thereafter conducted on June 30, 2017, at which time case management deadlines were set. (Doc. No. 11.)

Meanwhile, on June 5, 2017, Defendant State of Ohio filed a Motion to Dismiss Pursuant to Fed. R. Civ. Pr. 12(b)(1) and 12(b)(6). (Doc. No. 7.) Plaintiff did not file a response. On September 7, 2017, this Court issued a Memorandum Opinion & Order granting the State of Ohio's Motion and dismissing it from the case. (Doc. No. 14.)

The City of East Cleveland Defendants thereafter filed Motions for Summary Judgment and to Dismiss. (Doc. Nos. 16, 17.) Plaintiff moved to strike both motions. (Doc. Nos. 19, 20.) Defendants opposed the Motion to Strike and, in the alternative, moved for leave to file a Motion to Dismiss. (Doc. No. 22.) Before the Court could rule on these motions, however, Plaintiff and the City of East Cleveland Defendants filed a Joint Motion to Stay. (Doc. No. 21.) In the

---

[1] The Court notes Defendants Moore, Jones, and Malone have not entered an appearance in this case. None of these Defendants have answered or otherwise responded to either the Complaint or the City of East Cleveland's Cross claims.

motion, the parties explained that Plaintiff had agreed to pursue relief before the Ohio Court of Claims for his claims for wrongful imprisonment. (*Id.*)

On December 7, 2017, the Court issued an Order granting the parties' request for a stay. (Doc. No. 23.) The stay was granted on the condition, however, that Plaintiff (1) initiate proceedings in state court within thirty (30) days of the Order; and (2) file monthly status reports in this Court regarding the progress of his state court proceedings. (*Id.*) Defendants' Motions for Summary Judgment and to Dismiss, and Plaintiff's Motions to Strike, were denied without prejudice subject to refiling once the stay was lifted. (*Id.*)

Plaintiff filed Monthly Status Reports on January 12, February 12, March 30, and May 2, 2018. (Doc. Nos. 24, 25, 26, and 28.) In the last of these Status Reports, Plaintiff notified the Court that the Cuyahoga County Court of Common Pleas had granted judgment on the pleadings to the State of Ohio and dismissed Plaintiff's action with prejudice.[2] (Doc. No. 28.) Plaintiff maintained that, "given the progress of the state action to date, Mr. Derrico believes it would be necessary and prudent to reactivate his federal lawsuit." (*Id.*) He indicated an intent to file motions to lift the stay, amend his federal Complaint, and establish a discovery schedule. (*Id.*)

---

[2] Plaintiff explained as follows: "Ohio law providing for benefits to persons wrongfully imprisoned involves two separate and distinct actions. A claimant must first file an action in common pleas court to be declared an eligible individual. If the common pleas court finds the individual to be eligible, an action is brought in the Court of Claims to determine compensation. Mr. Derrico has filed the [Cuyahoga] common pleas court action, Docket No. CV 18 891381. The State of Ohio moved for judgment on the pleadings. The basis for that motion was that Mr. Derrico had plead guilty and Ohio Revised Code §2743.48(A)(2) prohibits persons who pled guilty to received compensation. Mr. Derrico argued that the prohibition constitutes an unconstitutional classification under both the United States Constitution and the Ohio Constitution. During the past week, the common pleas court granted the State of Ohio judgment on the pleadings and dismissed the action with prejudice. Mr. Derrico is in the process of filing an appeal to the Ohio Court of Appeals for the Eighth District." (Doc. No. 28.)

On May 15, 2018, Plaintiff filed a "Motion to Lift Stay of Proceedings," which the City of East Cleveland Defendants opposed.  (Doc. Nos. 29, 30.)  On July 26, 2018, the Court issued a Memorandum Opinion & Order granting Plaintiff's Motion.  (Doc. No. 31.)  A CMC was thereafter held on August 16, 2018, at which time new discovery and dispositive motions deadlines were set.  (Doc. No. 36.)

On February 11, 2019, Defendant City of East Cleveland filed a Motion for Summary Judgment with respect to all of Plaintiff's claims.[3]  (Doc. No. 54.)  Several days later, Defendant City of East Cleveland Police Department filed a Motion to Dismiss Party.  (Doc. No. 55.)  Subsequently, on March 12, 2019, the City of East Cleveland Defendants filed a "Motion for Leave to Amend Motion for Summary Judgment or, in the Alternative, Motion to Grant Summary Judgment *Sua Sponte*."  (Doc. No. 59.)  Plaintiff opposed Defendants' Motion for Leave (Doc. No. 61) and filed a brief in opposition to the Defendants' Motion for Summary Judgment (Doc. No. 60).  On March 26, 2019, the City of East Cleveland Defendants filed a Reply Brief in Support of their Motion for Summary Judgment.  (Doc. No. 62.)

Meanwhile, on February 15, 2019, Plaintiff filed a Motion for Partial Summary Judgment.  (Doc. No. 56.)  The City of East Cleveland Defendants filed a Brief in Opposition on February 20, 2019.  (Doc. No. 57.)  On March 8, 2019, Plaintiff filed a Motion for Leave to file Reply Brief instanter.  (Doc. No. 58.)  That motion was granted on April 1, 2019.  Plaintiff thereafter filed his Reply Brief on April 1, 2019.  (Doc. No. 63.)

As noted above, Defendants Moore, Malone, and Jones (hereinafter "the Individual

---

[3] Defendant City of East Cleveland has not moved either for default judgment or for summary judgment with respect to their cross claims against Defendants Moore, Malone, and Jones.

Defendants") have not entered an appearance in this case and have not responded to Plaintiff's Motion for Partial Summary Judgment.

## II. Factual Allegations

At the outset, the Court notes the facts underlying this matter are not particularly well developed. The only evidence cited by Plaintiff in support of his Motion for Partial Summary Judgment is (1) a two and a half page Affidavit signed by Plaintiff on February 5, 2019; (2) copies of the Information and Indictment filed in the federal criminal cases against Defendants Moore, Malone, and Jones; and (3) a copy of a motion filed by the State of Ohio in Plaintiff's underlying state court criminal case to vacate his conviction and sentence. (Doc. No. 56-1.) The City of East Cleveland Defendants cite no evidence in any of their briefing before this Court and, as noted above, the Individual Defendants have not entered an appearance in this case. None of the parties in this action cite any deposition testimony or written discovery. That being said, the following facts are undisputed.

On October 2, 2012, Plaintiff was standing outside a residence located at 428 Arbor Street in Cleveland, Ohio. (Doc. No. 56-1 at ¶ 2.) His mother and one year old daughter were in the house. (*Id*.) An unmarked car stopped in front of the house. (*Id*. at ¶ 3.) Defendants Moore, Malone, and Jones (who were then City of East Cleveland Police Officers) got out of the car and approached Plaintiff. (*Id*.)

The Officers "threw [him] to the ground and said 'we heard you got some dope' and 'where is the dope?'" (*Id*. at ¶ 4.) Plaintiff states he did not have any illegal drugs. (*Id*.) He was nonetheless handcuffed and kept on the ground, face down, for forty minutes. (*Id.*) While he was on the ground, Officers Malone, Moore, and Jones entered the house located 428 Arbor

Street.  (*Id*.)  According to Plaintiff, the Officers did not have either a search or arrest warrant.

(*Id*.) At some point while Plaintiff was on the ground, another City of East Cleveland Police

Officer arrived on the scene.  (*Id*. at ¶ 6.)  The unidentified Officer exited his police car,

"observed what was happening, then said 'I am not doing this' and got back in his car and drove

away."  (*Id*.)

Officers Malone, Moore and Jones proceeded to ransack the house and destroy some of

its contents.  (*Id*. at ¶ 5.)  Plaintiff states the Officers took $850.00 in cash from the house, but

only reported seizing $340.00.  (*Id*.)  Plaintiff was then transported to jail, where he was booked.

(*Id*.)  He states criminal charges were filed against him two weeks later, including charges of

drug trafficking, possession of drugs, and possessing criminal tools.[4]  (*Id*.)

Plaintiff remained in jail until December 7, 2012, when he was able to make bail.  (*Id*. at

¶ 7.)  He states that, "[i]n January 2013, although I knew I was innocent, knew that the charges

had been fabricated, and knew that my rights had been violated, I entered a plea of guilty" on the

advice of his lawyer and "out of fear that Officers Malone, Moore, and Jones would bring more

false charges against me."  (*Id*.)

In February 2013, Plaintiff was sentenced to serve four years in prison.  (*Id*. at ¶ 8.)  He

served more than three years at various prison facilities, after which he was transferred to a half-

way house in Cleveland where he served the remainder of his prison term.  (*Id*.)  Plaintiff was

released from the half-way house on August 12, 2016 and placed on probation for three years.

---

[4]  The Complaint indicates that Plaintiff's underlying criminal case relating to this
incident is *State v. Derrico*, Cuyahoga County Court of Common Pleas Case No. CR-12-567618.
The publicly available docket for that case indicates Plaintiff was arrested on drug charges on
October 3, 2012 and indicted on October 15, 2012.  Plaintiff was appointed counsel and pled not
guilty on October 29, 2012.

(*Id.*)

Meanwhile, Defendants Moore, Malone and Jones were criminally charged in this Court on various charges in 2015.[5]  Specifically, in *United States v. Moore*, Case No. 1:15CR363 (N.D. Ohio), Defendant Moore was indicted on the following charges: (1) conspiracy against rights, in violation of 18 U.S.C. § 241; (2) Hobbs Act conspiracy in violation of 18 U.S.C. § 1951; (3) two counts of theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A); and (4) false statement to law enforcement, in violation of 18 U.S.C. § 1001.  *See United States v. Moore*, Case No. 1:15CR363 (N.D. Ohio) (Doc. No. 1.)  Moore pled guilty in December 2015 and, in April 2016, was sentenced to an aggregate term of imprisonment of 108 months.  (*Id.* at Doc. No. 28.)  With respect to Defendants Malone and Jones, the record reflects these Defendants were charged in October 2015 with conspiracy against rights in violation of 18 U.S.C. § 241 and Hobbs Act conspiracy in violation of 18 U.S.C. § 1951.  *See United States v. Malone, et al.*, Case No. 1:15CR373 (N.D. Ohio).  Malone and Jones pled guilty in November 2015.  In April 2016, Jones was sentenced to a term of imprisonment of 46 months and Malone

---

[5] This Court may take judicial notice of the records of the criminal proceedings against Defendants Moore, Malone, and Jones. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record."); *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010); *Huff v. FirstEnergy Corp.*, 972 F.Supp.2d 1018, 1028 (N.D. Ohio 2013); *Great American Ins. Co. v. Geostar Corp.*, 2010 WL 845953 at * 18 (E.D. Mich. March 5, 2010).  Plaintiff asks the Court to take judicial notice, not only of the existence of these proceedings, but of the facts contained within the indictments and informations filed in the criminal cases against these Defendants. The Court will discuss, *infra*, the question of whether and/or to what extent it will take judicial notice of the truth of the statements of fact contained within court records filed in Defendant Moore's criminal case.  *See, e.g., Embassy Realty Investments, LLC v. City of Cleveland*, 877 F.Supp.2d 564, 571 (N.D. Ohio 2012) (noting that, while a court may take judicial notice of the existence of public records, "this is not to say, however, that the facts contained within these public records are [necessarily] appropriate for consideration by the Court.").

was sentenced to 71 months imprisonment.  (*Id*. at Doc. Nos. 20, 23.)

On December 13, 2016, the State filed a motion in Plaintiff's criminal case, *State v. Derrico*, Cuyahoga County Court of Common Pleas Case No. CR-12-567618, to vacate his conviction and sentence on the grounds that "the County Prosecutor no longer has confidence in [his] conviction."  *See* Docket for *State v. Derrico*, Cuyahoga County Court of Common Pleas Case No. CR-12-567618.  On February 1, 2017, after conducting a hearing, the trial court granted the State's motion, vacated Derrico's conviction, and terminated his post-release control.  (*Id*.)   Plaintiff filed the instant action on April 22, 2017.  (Doc. No. 1.)  The Complaint asserts numerous violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 based on the Fourth, Fifth, Eighth, and Fourteenth Amendments, including (1) malicious prosecution; (2) "concerted unlawful and malicious subsequent arrests and charges;" (3) "concerted unlawful and malicious sequential fabrication, destruction of evidence, and alteration of evidence;" (4) "neglecting to prevent defendant officers" from violating Plaintiff's due process and equal protection rights; and (5) conspiracy.  (*Id*. at pp. 25-34.)  Plaintiff also alleges (1) failure to properly hire, train, discipline and/or supervise; (2) failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department; and (3) "condoning a pattern, practice and/or custom of police officer intimidation and abuse."  (*Id*. at pp. 31-32.)  In addition, the Complaint asserts various state law claims, including terrorism, treason, and violations of the Ohio Constitution.[6]  (*Id*. at pp. 34-45.)  Plaintiff alleges he suffered various "emotional, personal, and financial damages"

---

[6] The Complaint also sets forth various "verbatim citations of Ohio Revised Code," specifically to Ohio Rev. Code Sections 2743.52, 2743.66, 2743.71, and 2743.75.  However, the Complaint fails to articulate a cause of action under any of these Ohio statutes.

enumerated in the Complaint.  (*Id*. at pp. 46-47.)  He also seeks attorney fees and costs.  (*Id*. at p. 47.)

## III.  Analysis

**A.    City of East Cleveland Police Department's Motion to Dismiss Party (Doc. No. 55)**

In its Motion to Dismiss, Defendant City of East Cleveland Police Department argues it should be dismissed from this action because it is not *sui juris* and lacks the capacity to sue or be sued independently.  (Doc. No. 55.)  Defendant correctly notes that it specifically raised this defense in its Answer, filed June 2, 2017.  (Doc. No. 5 at 17.)

Plaintiff's response is confined to a short footnote in its Brief in Opposition to Defendant City of East Cleveland's Motion for Summary Judgment.  (Doc. No. 60 at p. 5, fn 1.)  Therein, Plaintiff states as follows: "East Cleveland has filed a motion to dismiss.  The sole argument in that motion to dismiss is that the East Cleveland Police Department is not a suable entity. Derrico will not respond to that motion to dismiss.  Naming East Cleveland itself as a defendant draws the East Cleveland Police Department, its final decision-makers, and its customs and policies into this litigation.  East Cleveland never questions that it is a suable entity." (*Id*.)

It is well established that police departments are not *sui juris*, meaning they are not capable of suing or being sued for purposes of § 1983.[7]  *See e.g, Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir.2007), *abrogated on other grounds by, Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017); *Barrett v. Wallace*, 107 F.Supp.2d 949 (S.D. Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity and, therefore, is not subject to suit or liability

---

[7] As discussed *infra*, Plaintiff states that he is abandoning all of the state law claims alleged in the Complaint and that his sole remaining claim against the City of East Cleveland is a municipal liability claim under 42 U.S.C. § 1983.  (Doc. No. 60 at 2.)

under 42 U.S.C. § 1983"); *Lawson v. City of Youngstown,* 912 F.Supp.2d 527, 531 (N.D. Ohio

2012) ("Courts have held that under Ohio law police departments and county sheriff's offices are

not *sui juris* and may not be sued in their own right") (citing *Jones v. Marcum*, 197 F.Supp.2d

991, 997 (S.D. Ohio 2002) (in a section 1983 case, finding police department was not *sui juris*

under Ohio law)); *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n. 4 (N.D. Ohio 2000) (same)). *See*

*also Kannenberg v. Foos,* 2018 WL 4305501 at * 3 (N.D. Ohio Sept. 10, 2018); *Swope v. Dubos*,

2015 WL 6460047 at * 1 (N.D. Ohio Oct. 22, 2015); *Elkins v. Summit County, Ohio,* 2008 WL

622038 (N.D. Ohio March 5, 2008).

Accordingly, and in the absence of any meaningful argument to the contrary, the Court

finds the City of East Cleveland Police Department cannot be sued as a legal entity under §

1983, as a matter of law.  Therefore, the City of East Cleveland Police Department is dismissed

from this action.  Plaintiff's claims will be construed against Defendant City of East Cleveland.

**B.      Motions for Summary Judgment (Doc. Nos. 54, 56)**

As noted *supra*, both Plaintiff and Defendant City of East Cleveland have filed motions

for summary judgment.  Rule 56(a) of the Federal Rules of Civil Procedure provides in relevant

part that:

> A party may move for summary judgment, identifying each claim or defense—or
> the part of each claim or defense—on which summary judgment is sought. The
> court shall grant summary judgment if the movant shows that there is no genuine
> dispute as to any material fact and the movant is entitled to judgment as a matter
> of law.

Fed .R. Civ. P. 56(a).  Rule 56(e) provides in relevant part that "[i]f a party fails to properly

support an assertion of fact or fails to properly address another party's assertion of fact as

required by Rule 56(c), the court may...consider the fact undisputed for purposes of the motion ...

[and] grant summary judgment if the motion and supporting materials - including the facts considered undisputed- show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct.2505, 91 L.Ed.2d 202 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp*., 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X–Ray, Inc*., 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox,* 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc*., 48 F.3d

937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249–50 (citation omitted).

However, an unusual situation is created when cross motions for summary judgment are filed. As the Sixth Circuit has explained, the reviewing court "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *B.F. Goodrich Co. v. U.S. Filter Corp.,* 245 F.3d 587, 592 (6th Cir. 2001)(citing *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 241 (6th Cir. 1991).) Accordingly, "if it is possible to draw inferences in either direction, then both motions for summary judgment should be denied." *Champion Foodservice, LLC v. Vista Food Exchange, Inc.,* 2016 WL 4468001 at *4 (N.D. Ohio Aug. 24, 2016)(citing *B.F. Goodrich Co.,* 245 F.3d at 592-593.).

### 1.     Plaintiff's Motion for Partial Summary Judgment (Doc. No. 56)

As noted above, in his Complaint, Plaintiff asserts numerous violations of his constitutional rights pursuant to 42 U.S.C. § 1983. To maintain a claim under Section 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). Section 1983 "is not

itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Baker*, 443 U.S. at 140.

Here, Plaintiff alleges violations under the Fourth, Fifth, Eighth, and Fourteenth Amendments, including (1) malicious prosecution; (2) "concerted unlawful and malicious subsequent arrests and charges;" (3) "concerted unlawful and malicious sequential fabrication, destruction of evidence, and alteration of evidence;" (4) "neglecting to prevent defendant officers under this control" from violating Plaintiff's due process and equal protection rights; and (5) conspiracy. (Doc. No. 1 at pp. 25-34.) With respect to Defendant City of East Cleveland in particular, the Complaint alleges (1) failure to properly hire, train, discipline and/or supervise; (2) failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department; and (3) "condoning a pattern, practice and/or custom of police officer intimidation and abuse." (*Id.* at pp. 31-32.)

### a.    Claims against the Individual Defendants

Plaintiff argues the Court should grant summary judgment in his favor against Defendants Moore, Malone and Jones with respect to his § 1983 Fourth Amendment claims. (Doc. No. 56 at 4-9.) Specifically, Plaintiff asserts he is entitled to judgment on his claims "for an unreasonable search, an unreasonable arrest, and the use of excessive force in making the unconstitutional arrest." (*Id.* at 4.) With regard to his unreasonable search and arrest claims,

13

Plaintiff claims he is entitled to judgment as a matter of law because "none of the three individual defendant can demonstrate probable cause." (*Id.* at 5.) With regard to his excessive force claim, Plaintiff argues he was handcuffed, forced to the ground, and required to remain face down on the ground for forty minutes. (*Id.*) He maintains he is entitled to judgment on this claim because "any degree of force used in conjunction with the unconstitutional arrest of Derrico was unreasonable and excessive." (*Id.* at 6.) Finally, Plaintiff asserts Defendants Moore, Malone and Jones are not entitled to qualified immunity because Plaintiff has established a constitutional violation and demonstrated that it was clearly established at the time of his arrest. (*Id.* at 7-9.)

As noted *supra*, Defendants Moore, Malone and Jones have not made an appearance in this case. The record reflects the Complaint was served on these Defendants in May 2017.[8] (Doc. No. 4.) Defendants did not file Answers nor have they filed any other pleadings in this matter, either through counsel or on a *pro se* basis. Despite this, Plaintiff has not moved for entry of default and/or default judgment with respect to any of the individual Defendants.[9]

At no point in his Motion does Plaintiff acknowledge or address the fact that neither of these Defendants have filed Answers or otherwise made an appearance in this case. Nor does he

_____

[8] Specifically, service was executed on Defendant Moore on May 22, 2017; on Defendant Malone on May 16, 2017; and on Defendant Jones on May 15, 2017. (Doc. No. 4.)

[9] Moreover, it does not appear Plaintiff properly served his Motion for Partial Summary Judgment on the Individual Defendants. The Certificate of Service to Plaintiff's Motion states it was filed electronically and that "notice of this filing will be sent to all parties by operation of the Court's electronic filing system." (Doc. No. 56 at 12.) However, as the Individual Defendants have not made an appearance and are not represented by counsel in this action, these Defendants did not receive notice "by operation of the Court's electronic filing system." It was Plaintiff's obligation to ensure his Motion was properly served on these Defendants via regular mail. Plaintiff failed to do so.

cite any legal authority demonstrating it would be appropriate to grant summary judgment pursuant to Rule 56 against named parties who have not answered the complaint or otherwise made an appearance. To the contrary, the Court's own research reveals that district courts within this Circuit facing similar circumstances have refused to enter summary judgment, finding that entry of default judgment under Fed. R. Civ. P. 55 is the proper procedure to obtain judgment against a party that has not answered a complaint. *See Williams v. PBI Bank*, 2017 WL 5629540 at * 2 (W.D. Ky. Nov. 22, 2017) ("This Court similarly finds that Mitch Taylor and Sarah Taylor never answered the third-party complaint and that Rule 55 [rather than summary judgment under Rule 56] is thus the proper procedure for seeking judgment against them."); *United Community Bank v. Blythe Properties*, 2014 WL 852655 at fn 2 (E.D. Tenn. March 5, 2014) ("Although Plaintiff apparently moves for summary judgment against all three defendants in this case, the Court only grants the motion with respect to Jones, the only defendant who has made an appearance in this action. The better course with respect to [defendants] Blythe and Dye is default judgment.")

Accordingly, and in the absence of any meaningful acknowledgment or discussion of this issue, the Court denies Plaintiff's Motion for Partial Summary Judgment with respect to his claims against Defendants Moore, Malone, and Jones.

### b. Claims against the Defendant City of East Cleveland

In his Motion, Plaintiff argues he is entitled to summary judgment on his claims against Defendant City of East Cleveland because Defendant Moore had final policymaking authority and, therefore, the City is responsible for Moore's violations of Plaintiff's constitutional rights. (Doc. No. 56 at 10.) Relying solely on the indictment in Moore's federal criminal case, Plaintiff

argues Moore was the supervisor of the City of East Cleveland Police Department's Street Crimes Unit "with the authority to review reports and oversee investigations." (*Id*.) He maintains that, "as head of the Street Crimes Unit, an autonomous department within the East Cleveland police department, Moore had the discretion to determine how the Street Crimes Unit functioned." (*Id*.) Plaintiff asserts "Moore used her powers, discretion, and authority to turn the Street Crimes Unit into a criminal enterprise" and, therefore, her "actions and decisions represented the final policy of an important segment of the East Cleveland governmental structure." (*Id*.) In sum, Plaintiff argues he is entitled to summary judgment in his favor on his § 1983 municipal liability claims because "[w]hen [a] rogue police officer[] is a department or division head with clear policy making authority, the municipality must also be forced to compensate victims." (*Id*. at 11.)

Defendant City of East Cleveland argues Plaintiff is not entitled to summary judgment for several reasons. First, Defendant asserts Plaintiff failed to identify Defendant Moore as a final policymaker in the Complaint and "instead, clearly and specifically allege[d] that Defendants City of East Cleveland and its East Cleveland Police Department were the final policy makers." (Doc. No. 57 at 3-4.) Because the "Complaint fails to identify Defendant Moore as an official with final policy-making authority," Defendant City of East Cleveland argues Plaintiff's "Motion for Summary Judgment does not support his claim for relief under the theories of municipal liability as asserted in his Complaint." (*Id*. at 4.)

Defendant next argues that Defendant Moore does not constitute a "final policy maker" as a matter of state law. (*Id*. at 4-8.) Citing Section 113(A) of the City of East Cleveland's Charter, Defendant argues the Mayor is the chief law enforcement authority in East Cleveland

16

and, therefore, "any 'action, proclamation, policy, or edict' issued by Defendant Moore, a low-level police officer and non decisionmaker could never rise to the level of an official act binding upon the City of East Cleveland." (*Id*. at 6.)  Thus, Defendant asserts that "having failed to name the mayor of the City of East Cleveland as the final policymaker and decision maker, all of Plaintiff's claims of federal civil rights violations must fail."  (*Id*. at 8.)

In his Reply Brief, Plaintiff first argues, summarily and without citation to the Complaint, that he sufficiently pled that Moore was a "final policy maker."  (Doc. No. 63 at 5-6.)  He then asserts "there is no genuine factual dispute regarding Moore's status in this case."  (*Id.* at 4.)  Plaintiff asserts Moore "was given untrammeled discretion in supervising the Street Crimes Unit" and "made the decisions and implemented the decisions that created and caused the violations of Derrico's constitutional and civil rights."  (*Id*. at 5.)  He further maintains "the deliberate indifference of the East Cleveland Police Department to what Moore was doing as supervisor of the Street Crimes Unit permitted her to create a custom and policy of criminality within the Street Crimes Unit."  (*Id.* at 4.)  In sum, Plaintiff argues the City of East Cleveland "ceded the operation of the Street Crimes Unit to Moore" and "did not do anything to prevent Moore misusing the authority given her to run" that Unit.  (*Id.* at 6-7.)

It is well established that a municipal entity may not be sued for injuries inflicted solely by its employees or agents under § 1983.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  *See also Baynes v. Cleland*, 799 F.3d 600 (6th Cir. 2015); *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014); *Heyerman v. County of Calhoun*, 680 F.3d 642 (6th Cir. 2012).  Rather, a plaintiff may only hold a municipal entity liable under § 1983 for the entity's own wrongdoing.  *Gregory v. City of Louisville*, 444 F.3d

725, 752 (6th Cir. 2006) ("Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*.") (citing *Monell*, 436 U.S. at 692–94). Or, as the Sixth Circuit explained, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the 'moving force' behind the injury alleged.'" *D'Ambrosio*, 747 F.3d at 388-389 (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (citation omitted).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011). To properly allege a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). *See also D'Ambrosio*, 747 F.3d at 386. Moreover, a plaintiff must show a "direct causal link between the custom and the constitutional deprivation; that is, she must show that the particular injury was incurred because of the execution of that policy." *Doe v. Claiborne Cnty., Tenn. By. & Through Claiborne Cnty. Bd of Educ.*, 103 F.3d 495, 508 (6th Cir. 1996) (internal quotation marks omitted); *see also Baynes*, 799 F.3d at 621; *Fair v. Franklin Cnty., Ohio*, 2000 WL 659418 at *3 (6th Cir. May 11, 2000) ("*Monell* requires that a plaintiff identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (same).

Here, Plaintiff argues he is entitled to summary judgment in his favor because Defendant

Moore constituted a "final decision making authority" and, therefore, her unconstitutional conduct should be attributed to the City of East Cleveland. In *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1985), the Supreme Court held that a municipality can be held liable under § 1983 for a single decision by the municipality's policymakers. *Id*. at 479-480. However, as a plurality of that Court explained:

> Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable. Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policymaking authority is a question of state law.

*Id*. at 481–483 (plurality opinion) (internal citations omitted). The focus is on the "final policymaking authority" for "the action alleged to have caused the particular constitutional or statutory violation at issue." *Jett v. Dallas Independent Sch. Dist*., 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). *See also City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (plurality opinion).

"Mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (citing *Praprotnik*, 485 U.S. at 127 (plurality)). *See also Monistere v. City of Memphis*, 115 Fed. Appx. 845, 852-853 (6th Cir. 2004). Another consideration is "whether the employee ... formulates plans for the implementation of broad goals." *Miller v. Calhoun County*, 408 F.3d 803, 814 (6th Cir. 2005).

19

Officials can derive their authority to make final policy from customs or legislative enactments, or such authority can be delegated to them by other officials who have final policymaking authority. *Pembaur*, 475 U.S. at 483 (plurality opinion).

The Supreme Court has cautioned that a municipality is not liable merely because an official had authority to act on its behalf; rather, the official must have "final authority to establish municipal policy with respect to the [challenged] action." *Praprotnik*, 485 U.S. at 139 (Brennan, J., concurring) (quoting *Pembaur*, 475 U.S. at 481). The distinction between the discretion to act and policymaking authority is important because municipal liability for an official's discretionary acts "would be 'indistinguishable' from *respondeat superior* liability." *Feliciano*, 988 F.2d at 656 (citing *Praprotnik*, 485 U.S. at 126).

Defendant City of East Cleveland first maintains Plaintiff is not entitled to summary judgment because he failed to allege in the Complaint that Moore constituted a "final policy-making authority." (Doc. No. 57 at 3-4.) Plaintiff responds, summarily and without citation to the Complaint, that "[w]hen Derrico alleged that his constitutional rights were violated by the conduct of a final decisionmaker, he had stated enough to notify East Cleveland that he was pursuing a municipal liability claim." (Doc. No. 63 at 6.)

The problem with Plaintiff's argument is that he does not allege, at any point in the Complaint, that his constitutional rights were violated by "the conduct of a final decisionmaker." Indeed, the words "final decisionmaker" or "final policymaker" do not appear anywhere in the Complaint. More significantly, Plaintiff does not direct this Court's attention to any specific language in the Complaint that could reasonably be construed as alleging that the City of East Cleveland was liable under the theory that Defendant Moore constituted a "final policymaker."

While Plaintiff argues that Defendant "could have compelled Derrico to identify Moore as the final policymaker" though the use of discovery, the fact remains that Plaintiff is required to "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)).

Here, Plaintiff has not directed this Court's attention to any language in the Complaint that would arguably have given Defendant City of East Cleveland fair notice of this particular *claim*; i.e. a *Monell* claim predicated on the basis that Moore constituted a "final policymaker" under *Pembaur, supra* and its progeny. Indeed, the Court notes that, while the section of the Complaint setting forth Plaintiff's specific §1983 claims enumerates a number of specific *Monell* claims[10] against Defendant City of East Cleveland, it does *not* allege a *Monell* claim based on a "final policymaker" theory of liability. Upon its own review, and in the absence of any meaningful argument to the contrary, the Court finds that none of the nine Counts[11] in the Complaint can be reasonably construed as asserting a § 1983 claim against Defendant City of East Cleveland on the basis that Moore constituted a "final policymaker" for purposes of *Monell* liability.

Plaintiff appears to argue that he sufficiently pled this claim because the Complaint

---

[10] Specifically, the Complaint clearly asserts municipal liability claims on the basis of failure to properly hire, train, discipline and/or supervise; failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation of the internal affairs division; and condoning a pattern, practice and/or custom of police officer intimidation and abuse. (Doc. No. 1 at ¶¶ 62-70.)

[11] The Complaint contains Counts numbered I through VIII. (Doc. No. 1.) However, two of the Counts are numbered IV. (Doc. No. 1 at p. 29, 32.) Thus, there are actually nine counts in the Complaint.

contains numerous factual allegations regarding Moore's criminal behavior, unconstitutional conduct, and role as the supervisor of the City of East Cleveland Police Department's Street Crimes Unit. However, these factual allegations, standing alone, are not sufficient to give Defendant City of East Cleveland fair notice that Plaintiff was asserting a "final policymaker" *Monell* claim. While Plaintiff alleged Moore was a supervisor and had some supervisory responsibilities, the Complaint does not allege that she had final policymaking authority for the City of East Cleveland, either by virtue of her role as a supervisor or because it had been otherwise delegated to her by her superior officers. In addition, the Court also finds this argument without merit in light of the fact that the Complaint explicitly enumerates several *Monell* claims, but none of them even arguably encompass a "final policymaker" theory of liability.

Thus, on this basis alone, the Court finds Plaintiff is not entitled to summary judgment in his favor with respect to this claim. Nonetheless, even assuming Plaintiff had adequately pled a "final policymaker" theory of liability in the Complaint, the Court finds he would not be entitled to summary judgment in his favor with respect to this claim for the following reasons.

The only evidence that Plaintiff relies on in support of his argument that Moore was a "final policymaking official" for purposes of *Monell* liability, are the following facts set forth in the indictment filed against Moore in *U.S. v. Moore*, Case No. 1:15CR363 (N.D. Ohio) (hereinafter "Moore Indictment"):

1.  The East Cleveland Police Department is divided into several separate units (Moore Indictment ¶2);

2.  One of the separate units of the East Cleveland Police Department was the Street Crimes Unit which was composed of a group of officers who primarily investigated illegal drug activity in East Cleveland (Moore

22

Indictment ¶¶2, 4);

3.      Moore, a Sargent in the East Cleveland Police Department, supervised the Street Crimes Unit (Moore Indictment ¶5);

4.      As supervisor of the Street Crimes Unit Moore had the responsibility for overseeing investigations performed by the officers that comprised the Street Crimes Unit (Moore Indictment ¶5);

5.      In her capacity as the supervisor of the Street Crimes Unit Moore (and other members of that unit) engaged in illegal activity (Moore Indictment ¶¶18-21);

6.      In order to facilitate their illegal activity Moore and other members of the Street Crimes Unit knowingly made false and misleading statements to obtain search warrants (Moore Indictment ¶24); executed search warrants that they knew were not legitimate (Moore Indictment ¶25); and seized money and property obtained through those illegal searches and kept some or all of that money and property for themselves (Moore Indictment ¶¶28-30); and

7.      Moore knowingly created false police reports (Moore Indictment ¶31) and knowingly reviewed and approved police reports that she knew were false but failed to correct the falsities contained in those police reports (Moore Indictment ¶23).

(Doc. No. 63 at 2) (citing Moore Indictment). Based on the above, Plaintiff argues "there is no genuine factual dispute regarding Moore's status in this case." (*Id*. at 4.)

Defendant City of East Cleveland does not challenge Plaintiff's reliance on the Moore Indictment to support his summary judgment motion. The Court, however, feels compelled to consider whether and to what extent it may take judicial notice of the truth of the facts alleged in the Moore Indictment. "A court may judicially notice a fact that is not subject to reasonable dispute because it . . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Court records are a typical subject of judicial notice under Rule 201(b)(2). *See* 21B Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 5106.4 (2d ed. 2005 & Supp.2009). Indeed, the Sixth Circuit has held that "federal courts may take judicial notice of proceedings in other courts of record." *Rodic*, 615 F.2d at 738 (citation omitted).

While a court may take judicial notice of the existence of court documents and the proceedings in which those documents were generated, federal courts do not generally take judicial notice of the truth of any statement of fact contained within those documents. *See e.g., Embassy Realty Investments LLC.*, 877 F.Supp.2d at 571. In the context of guilty pleas in criminal proceedings, however, federal courts have found it appropriate to take notice, not only of the fact that the guilty plea was entered, but also of the material facts charged in the indictment as well as facts specifically admitted by the defendant as part of his or her plea. *See In re ClassicStar Mare Lease Litigation*, 823 F.Supp.2d 599, 622-623 (E.D. Ky. Sept. 30, 2011) (finding it appropriate to take judicial notice of guilty pleas and "those facts to which [the defendants] have admitted"); *Great American Ins. Co.*, 2010 WL 845953 at * 18-19 ("The key point is that a guilty plea serves as an admission of the material facts charged in the information or admitted by the Defendant during the plea colloquy. . . The Court will [therefore] take judicial notice of the records of the criminal action, and the facts specifically admitted by the Plummers in their pleas.").

Here, the docket reflects Moore pled guilty on December 11, 2015 to Counts I through V of the indictment.[12] *U.S. v. Moore*, Case No. 1:15cr363 (N.D. Ohio) (Non-document Order dated

---

[12] Specifically, Moore pled guilty to: (1) Conspiracy against Rights in violation of 18 U.S.C. § 241 (Count 1); (2) Hobbs Act Extortion/Conspiracy in violation of 18 U.S.C. § 1951 (Count 2); (3) Theft Concerning a Program Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(A) (Counts 3 and 4); and (4) Making False Statements to Law Enforcement in violation of 18 U.S.C. § 1001 (Count 5.)

December 11, 2015). A plea agreement was executed on that date. (*Id.* at Doc. No. 17.) In that agreement, Moore states (among other things) as follows: "Defendant agrees that the following summary fairly and accurately sets forth Defendant's offense conduct and a factual basis for the guilty plea. Defendant further agrees that the facts set forth in the summary are true and could be established beyond a reasonable doubt if the case were to proceed to trial: See Attachment A, which is attached hereto and fully incorporated herein." (*Id.* at 9-10.)

In Attachment A to the plea agreement, Moore agreed to certain facts relating to the charges alleged in the indictment. Of particular relevance to the question of whether Moore constituted a "final policymaker," Moore agreed that she obtained the rank of Sergeant in the East Cleveland Police Department and supervised the Street Crimes Unit. (*Id.* at Doc. No. 17-1 at ¶ 5.) Moore also agreed that, in her capacity as supervisor, she "had responsibility for, among other things, reviewing police reports and overseeing investigations." (*Id.*) Further, Moore agreed that Street Crimes Unit officers had "many powers, including the power to (1) conduct a probable cause arrest, (2) swear out affidavits in support of search and arrest warrants, (3) seize evidence pursuant to those warrants, (4) work with confidential informants, and (5) access government funds to purchase drugs in an undercover capacity."[13] (*Id.* at ¶ 4.)

As it is undisputed that Moore expressly admitted to the above facts when she pled guilty

---

[13] Moore also agreed that she used her power and authority as an SCU Officer to unlawfully enter premises, exceed the scope of lawful entry, conduct illegal searches and seizures, seize money and property under the guise of search warrants and keep portions of the seized money and property for herself, create and approve false reports and affidavits to conceal her illegal searches and seizures, place false and inaccurate information in police reports, review police reports that she knew contained inaccurate information and fail to correct the inaccuracies, make materially false and misleading statements in search warrant affidavits, and provide materially false information to the Cuyahoga County Prosecutor's Office. (*Id.* at Doc. No. 17-1 at ¶¶ 18-32.)

(and in the absence of any opposition from Defendant) the Court will take judicial notice of the facts specifically admitted by Moore in her Plea Agreement, as set forth above, when considering Plaintiff's arguments in support of his motion for summary judgment.

Plaintiff argues these facts demonstrate that "Moore was undeniably a final decisionmaker." (Doc. No. 63 at 4.) Without citation to any evidence other than the Moore Indictment, he asserts Moore "was not constrained by policies made by other East Cleveland Police Department officials" and "was not subjected to any meaningful review." (*Id.*) Plaintiff further claims "nothing decreed or instituted by any other aspect of the East Cleveland Police Department impinged on Moore's autonomy in running the Street Crimes Unit," giving her "the administrative decisions she made . . . the force and appearance of departmental policy." (*Id.*)

Defendant maintains Moore was not a "final policymaker" for the City of East Cleveland as a matter of state law. *See Feliciano*, 988 F.2d at 655 ("To determine whether final authority to make municipal policy is vested in a particular official, we must resort to state law.") In support, Defendant directs the Court's attention to Section 113(A) of the City's Charter, which provides that "the Mayor shall be the chief executive officer of the City," and "shall supervise the administration of all affairs of the City and the conduct and administration of all departments and divisions thereof." (Doc. No. 57 at 6.) The Charter also provides that "the Mayor shall be the chief conservator of the peace within the City, and shall see that all laws, resolutions, and ordinances are enforced therein." (*Id.*) Defendant argues the City Charter makes clear that Moore, "a low level police officer and non decisionmaker," did not have the final authority to establish municipal policy, as a matter of law.

The Court finds Plaintiff has failed to demonstrate that he is entitled to summary

judgment on the grounds that Moore constituted a "final policymaker." Plaintiff does not directly address Defendant's arguments regarding the City of East Cleveland's Charter nor has he directed this Court's attention to statutes, ordinances, regulations or "less formal sources of law such as practice or custom" that would otherwise suggest that Moore had been delegated the requisite policymaking authority to support *Monell* liability. *See Monistere*, 115 Fed. Appx. at 852 ("[I]n order to determine whether final authority to make municipal policy is vested in a particular official, it is imperative that we examine the applicable state law, including "statutes, ordinances, and regulations," as well as "less formal sources of law, such as local practice and custom.") (quoting *Feliciano*, 988 F.2d at 655); *Williams v. Schismenos*, 258 F.Supp.3d 842, 864-865 (N.D. Ohio 2017).

Moreover, the Court finds that the mere fact that Moore was a Sergeant and supervisor of the Street Crimes Unit is not sufficient, standing alone, to make her a "final policymaker" under *Pembaur* and its progeny. As the Sixth Circuit has explained, the "[m]ere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials." *Feliciano,* 988 F.2d at 655 (citing *Praprotnik*, 485 U.S. at 127). Here, Plaintiff offers no evidence (either in the form of deposition testimony or written documentary proof) that Moore's decisions were not subject to review, or otherwise unconstrained by official policies of her superiors. Further, Plaintiff has cited no evidence that Moore possessed any authority to "formulate[] plans for the implementation of broad goals." [14]

---

[14] Although not cited by either party, the Court notes that the Sixth Circuit has rejected *Monell* claims based on a "final policymaker" theory of liability where a municipal official misuses his position to engage in criminal behavior. *See Wooten v. Logan*, 92 Fed. Appx. 143,

*Miller*, 408 F.3d at 814.

In sum, even assuming Plaintiff adequately pled this claim in the Complaint, the Court finds he is not entitled to summary judgment.  As noted above, Plaintiff has not cited any deposition testimony or documentary evidence that illuminates the nature and scope of Moore's responsibilities and authority as supervisor of the Street Crimes Unit.  In the context of a summary judgment motion, the Court finds it is insufficient for Plaintiff to state, summarily and without citation to any supporting evidence or testimony, that Moore constitutes a "final policymaking official" solely by virtue of the fact that she violated Plaintiff's constitutional rights while acting in the capacity as supervisor of the Street Crimes Unit.

Accordingly, and for all the reasons set forth above, Plaintiff's Motion for Summary Judgment (Doc. No. 56) is denied.

> **2.** **Defendant City of East Cleveland's "Motion for Leave to File Amended Summary Judgment or, in the Alternative, Grant its Summary Judgment Motion *Sua Sponte*" (Doc. No. 59)**

Prior to reaching the merits of Defendant's motion, the Court will address Defendant City of East Cleveland's "Motion for Leave to file Amended Summary Judgment or, in the alternative, Grant its Summary Judgment Motion *Sua Sponte*."  (Doc. No. 59.)  Therein, Defendant seeks leave to "amend" its summary judgment motion to include the Eighth District Court of Appeals of Ohio's recent decision in *Demetrius Moore v. State of Ohio*, Case No. 107114 (Feb. 28, 2019).  In that case, Mr. Moore pled guilty to drugs and weapons charges and

---

146-147 (6th Cir. 2004) (in finding that rape committed by a county sheriff could not be considered part of the county's "policy or custom," noting the sheriff conspired "to commit a felonious act, and his conduct cannot conceivably be characterized as exercising a power to set policy.")

was sentenced to four years in prison. Like Plaintiff herein, Mr. Moore's conviction was later vacated because of the misconduct of former East Cleveland Police Officers Moore, Malone and Jones. Mr. Moore then brought an action in state court seeking a declaration that he was a wrongfully imprisoned individual as defined by Ohio's wrongful imprisonment statute, Ohio Rev. Code § 2743.48(A). The State moved to dismiss the case, arguing Mr. Moore was barred from wrongful imprisonment compensation because he pled guilty to the offenses in the underlying case. The trial court granted the State's motion, finding Ohio Rev. Code § 2743.48 does not have an exception for a guilty plea that is later vacated. The trial court additionally found that Mr. Moore could not pursue his claim that § 2743.48 is unconstitutional because it was not pled in his complaint. Mr. Moore later moved for relief from judgment and asked to amend his complaint to raise his constitutional claim. The trial court denied Mr. Moore's motion, and dismissed the case.

On February 28, 2019, the state appellate court affirmed. The court explained that "[u]nfortunately, the General Assembly has not yet provided an exception for guilty pleas that are later vacated due to police misconduct." *Moore*, Case No. 107114 at ¶ 20. Thus, the court found "we are bound to conclude that Moore is not eligible, at this time, to be declared a 'wrongfully imprisoned individual,' and the trial court properly granted the State's motion for judgment on the pleadings." (*Id.* at ¶ 21.) The court went on to state that it would not address the merits of Moore's constitutional claim because "he did not properly challenge the constitutionality of R.C. 2743.48(A)(2) in the trial court." (*Id.* at ¶ 24.)

In the instant case, Defendant City of East Cleveland seeks leave to "amend" its summary judgment motion to reflect the state appellate court's decision in *Moore* "or in the alternative to

grant their Summary Judgment motion *sua sponte* in light of new case state law supporting such action." (Doc. No. 59 at 2.) Defendant does not explain the relevance of the *Moore* case to Plaintiff's particular claims, nor does it provide any basis for its claim that *Moore* supports the "*sua sponte*" granting of summary judgment in its favor.

Plaintiff opposes Defendant's motion, arguing "the sole source for compensation under [Ohio's wrongful imprisonment] statute to eligible individuals is the State of Ohio." (Doc. No. 61.) Noting the State of Ohio is no longer a party to this action, Plaintiff asserts Ohio's wrongful imprisonment statute "does not apply in this case" and any claims based on that statute are now moot. (*Id.* at 1.) He further argues "since the subject statute does not apply to East Cleveland and creates no potential liability for East Cleveland, the *Moore* case has no precedential value." (*Id.* at 2.) In sum, Plaintiff maintains "there is absolutely no need for any further pleadings that address [the] state court proceedings initiated by Derrico[15] or by Dementrius Moore." (*Id.*)

Defendant City of East Cleveland did not file a reply in support of its Motion.

Defendant's Motion is denied. Plaintiff has made clear that his "sole claim against East Cleveland in this action is a municipal liability claim under 42 U.S.C. § 1983." (Doc. No. 60 at 2.) He is not pursuing a wrongful imprisonment claim against Defendant City of East Cleveland and, indeed, has expressly acknowledged that Ohio's wrongful imprisonment statute "does not

---

[15] As noted *supra,* Derrico filed suit in the Cuyahoga Court of Common Pleas seeking a declaration that he is eligible for compensation under Ohio's wrongful imprisonment statute. *See Derrico v. State of Ohio*, Cuyahoga County Court of Common Pleas Case No. CV-18-891381. On April 5, 2018, the trial court found "Plaintiff's guilty plea renders him unable to qualify as a wrongfully imprisoned individual under the statute," and refused to address his constitutional claim on the basis that it was not raised in the complaint. The trial court entered judgment in the State's favor and dismissed the case. Derrico appealed on May 15, 2018. That appeal remains pending as of the date of this Order.

apply to East Cleveland." (Doc. No. 61.) Defendant provides no explanation as why it believes the state appellate court decision in *Moore* is in any way relevant to this matter. Under these circumstances, the Court finds Defendant's Motion for Leave to file Amended Summary Judgment or, in the alternative, Grant its Summary Judgment Motion *Sua Sponte*" (Doc. No. 59) is without merit and, therefore, denied.

   3.   **Defendant City of East Cleveland's Motion for Summary Judgment (Doc. No. 54)**

        a.   **Federal claims**

In its Motion for Summary Judgment, Defendant City of East Cleveland first argues that "Counts I through VI of Mr. Derrico's Complaint must be dismissed as the City of East Cleveland is entitled to assert immunity under Ohio R.C. 2744." (Doc. No. 54 at 6-7.) Defendant's argument consists of three paragraphs, in which Defendant cites the elements of a malicious prosecution claim under Illinois state law[16] and asserts (summarily) that it is immune from liability as to "all of [Plaintiff's] claims against the City of East Cleveland" under Ohio's Political Subdivision Tort Liability Act, Ohio Rev. Code Chapter 2744. (*Id.*)

In response, Plaintiff indicates that he "no longer intends to pursue any of the pendant state law claims alleged in the Complaint" and states "his sole claim against East Cleveland in this action is a municipal liability claim under 42 U.S.C. § 1983." (Doc. No. 60 at 2.) He then asserts Defendant is not entitled to summary judgment in its favor because the "assertion of governmental immunity does not extend to Derrico's Section 1983 municipal liability claim." (*Id.*)

---

[16] The Court cannot fathom why Defendant City of East Cleveland cites Illinois state law for the elements of this claim.

The Court agrees with Plaintiff. As relevant to Defendant City of East Cleveland, Counts I through V[17] of the Complaint assert municipal liability claims under 42 U.S.C. § 1983 for (1) failure to properly hire, train, discipline and/or supervise; (2) failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department; and (3) "condoning a pattern, practice and/or custom of police officer intimidation and abuse." (*Id.* at pp. 5-6, 30-31.) By its own terms, Ohio's Political Subdivision Tort Liability Act, Ohio Rev. Code Chapter 2744, does not apply to these claims. Specifically, Ohio Rev. Code § 2744.09(E) provides:

> This chapter does not apply to, and shall not be construed to apply to, the following:
>
> * * *
>
> (E) Civil claims based upon alleged violations of the constitution or statutes of the United States . . . [18]

Ohio Rev. Code § 2744.09(E). *See also Summerville v. Forest Park*, 128 Ohio St.3d 221, 221 (2010) (stating that "pursuant to R.C. 2744.09(E), R.C. Chapter 2744 does not apply to" Section 1983 claims); *Campbell v. City of Youngstown*, 2007 WL 4696963 at * 3 (Ohio App. 7th Dist. Dec. 31, 2007) ("Ohio's courts have recognized that R.C. Chapter 2744 does not apply to a claim

---

[17] The Court notes that the Complaint contains two counts numbered "Count IV." *See* Doc. No. 1 at 29, 32. Count VI of the Complaint (which is misnumbered and actually the seventh claim for relief in the Complaint) purports to allege various state law claims. (*Id.* at 34-40.) However, as discussed *infra*, Plaintiff has affirmatively indicated that he is no longer pursuing his state law causes of action against Defendant City of East Cleveland. (Doc. No. 60 at 2.)

[18] This section clarifies that, "the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions." Ohio Rev. Code § 2744.07 is not relevant to the issue before this Court. That Section provides that, under certain circumstances, a political subdivision shall provide for the defense of an employee in state or federal civil actions or proceedings.

raised under Title 42, U.S. Code, Section 1983, which provides a remedy to those persons whose federal rights have been violated by government officials"); *Patton v. Wood Cty. Humane Soc.,* 154 Ohio App.3d 670, 677 (Ohio App. 6th Dist. Sept. 30, 2003) (finding that "pursuant to R.C. 2744.09(E), the immunities found within R.C. Chapter 2744 do not apply to Section 1983 actions.")

Here, Plaintiff has abandoned his state law claims and confirmed that the "sole claim against East Cleveland in this action is a municipal liability claim under 42 U.S.C. § 1983." (Doc. No. 60 at 2.) Accordingly, pursuant to Ohio Rev. Code § 2744.09(E), Defendant is not entitled to political subdivision immunity under Ohio Revised Code Chapter 2744 with respect to Plaintiff's § 1983 claims. This argument in support of Defendant City of East Cleveland's Motion for Summary Judgment is without merit and denied.

The nature of Defendant's next argument in support of its summary judgment motion is unclear. In the heading to this argument, Defendant references Count III of the Complaint, which purports to assert a § 1983 claim for Conspiracy.[19] Defendant, however, does not recite the elements of a § 1983 Conspiracy claim or coherently explain how those elements relate to the instant case. Rather, Defendant argues, summarily, that it is entitled to summary judgment with respect to this claim because the Complaint alleges that Defendants Moore, Malone and Jones

---

[19] The entirety of this Count states as follows: "All defendants acted in combination and in concert, and in whose 'deliberate indifference in not preventing these acts,' in not preventing these acts," combined with the willful acts of his named defendants acting in concert and conspiracy with others in the East Cleveland Police Department, thereby allowing the commission of these unlawful acts of illegally detaining, arresting, extorting, and violating Walter Derrico's various constitutional rights. As a result of defendants' conspiracy to commit illegal acts against Walter Derrico, they are liable to plaintiff per 42 U.S.C. § 1983, as well as 42 U.S.C. § 1988 for attorneys' fees." (Doc. No. 1 at pp. 28-29.)

"kept their nefarious activities concealed from the other named Defendants." (Doc. No. 54 at 8.)

In response, Plaintiff argues Defendant is not entitled to summary judgment in its favor with respect to this claim because it failed to present any evidence to support its motion. (Doc. No. 60 at 3.) Plaintiff notes that, by contrast, he came forward with both his Affidavit and the Moore Indictment in support of his claims. (*Id.*) He asserts that "by not presenting any countervailing evidence East Cleveland has forfeited its right to obtain judgment as a matter of law as to Derrico's Section 1983 municipal liability claim." (*Id.* at 4.)

In its Reply Brief, Defendant sets forth a lengthy argument as to why Moore does not constitute a "final policymaker" for purposes of *Monell* liability. (Doc. No. 62.) Defendant offers no explanation as to why it believes this particular issue bears any relevance to the § 1983 Conspiracy claim set forth in Count III of the Complaint.

The Court finds Defendant is not entitled to summary judgment with respect to Count III. Frankly, Defendant's argument is unintelligible. Defendant does not coherently discuss the law relating to this particular claim or apply it to the facts of this case. Although devoting several pages in its Reply Brief to the issue of whether or not Moore constitutes a "final policymaker" for purposes of *Monell* liability, Defendant offers no explanation as to why it believes that issue bears any relevance to the specific elements of the conspiracy claim set forth in Count III of the Complaint. Indeed, Defendant does not even recite the elements of that claim at any point in its motion.

Defendant has failed to advance a rational argument demonstrating that it is entitled to summary judgment in its favor with respect to Count III of the Complaint. This argument, therefore, is without merit and Defendant's motion for judgment with respect to this claim is

denied.

### b.     State law claims

The Complaint asserts various state law claims, including terrorism, treason, and violations of the Ohio Constitution.[20] (Doc. No. 1 at pp. 34-45.) Defendant City of East Cleveland seeks summary judgment in its favor with respect to Plaintiff's state law municipal liability claims. (Doc. No. 54.) As noted above, Plaintiff states that he "no longer intends to pursue any of the pendant state claims alleged in his Complaint before this Honorable Court." (Doc. No. 60 at 2.)

As Plaintiff has conceded his state law claims, Defendant City of East Cleveland's Motion for Summary Judgment is granted with respect to the state law claims alleged in Plaintiff's Complaint.[21]

### c.     Remaining Claims

In its Motion, Defendant requests summary judgment in its favor with respect to "all of Mr. Derrico's claims against the City of East Cleveland." (Doc. No. 54 at 1.)

As has been noted *supra,* the Complaint alleges several § 1983 municipal liability claims, including (1) failure to properly hire, train, discipline and/or supervise; (2) failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department; and (3)

---

[20] The Complaint also sets forth various "verbatim citations of Ohio Revised Code," specifically to Ohio Rev. Code Sections 2743.52, 2743.66, 2743.71, and 2743.75. However, the Complaint fails to articulate a cause of action under any of these Ohio statutes.

[21]  The Complaint also appears to allege terrorism and treason claims under federal law. As Plaintiff states his sole claim against Defendant City of East Cleveland is a *Monell* claim under § 1983, any purported federal claims for terrorism and treason are dismissed.

"condoning a pattern, practice and/or custom of police officer intimidation and abuse." (Doc. No. 1 at pp. 31-32.) The only coherent argument raised by Defendant City of East Cleveland in support of its summary judgment motion is immunity under Ohio's Political Subdivision Tort Liability Act, which the Court has found does not apply to Plaintiff's § 1983 claims for the reasons discussed above. Defendant fails to set forth the applicable law with respect to any of the specific federal municipal liability claims set forth in the Complaint, apply that law to the facts of the instant case, or otherwise articulate any meaningful argument as to why it is entitled to judgment in its favor with respect to these claims.

In light of the above, the Court finds Defendant City of East Cleveland has not demonstrated it is entitled to summary judgment in its favor with respect to Plaintiff's federal municipal liability claims.

Accordingly, and for all the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. No. 54) is granted with respect to Plaintiff's state law claims and any federal claims not premised on § 1983 municipal liability theories of recovery. Defendant's Motion is denied with respect to the §1983 municipal liability claims set forth in the Complaint.

### IV. Conclusion

For all of the foregoing reasons, Defendant City of East Cleveland Police Department's Motion to Dismiss Party (Doc. No. 55) is GRANTED. Defendant City of East Cleveland's "Motion for Leave to Amend Motion for Summary Judgment or, in the alternative, Motion to grant Summary Judgment sua sponte," (Doc. No. 59) is DENIED. Plaintiff Walter Derrico's Motion for Partial Summary Judgment (Doc. No. 56) is DENIED.

Finally, Defendant City of East Cleveland's Motion for Summary Judgment (Doc. No.

54) is GRANTED IN PART and DENIED IN PART as follows.  Defendant's Motion is granted

with respect to Plaintiff's state law claims and any federal claims not premised on § 1983

municipal liability theories of recovery.  Defendant's Motion is denied with respect to the §1983

municipal liability claims set forth in the Complaint.

**IT IS SO ORDERED.**



Date: April 25, 2019                                         *s/ Jonathan D. Greenberg*
                                                             Jonathan D. Greenberg
                                                             U.S. Magistrate Judge