## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO,
## EASTERN DIVISION

| | | |
|---|---|---|
| **WALTER DERRICO,** | ) | **CASE NO.: 1:17-CV-866** |
| | ) | |
| Plaintiff, | ) | **JUDGE: PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE** |
| | ) | **JONATHAN D. GREENBERG** |
| **TORRIS MOORE,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

### DEFENDANT, THE CITY OF EAST CLEVELAND'S
### OBJECTION TO MAGISTRATE'S MEMORANDUM OPINION AND ORDER

---

NOW Comes Defendant, the City of East Cleveland; by and through its undersigned counsel of record; and pursuant to Fed.R. 59(e)(1), Fed.R. 56(e)(1) and 72(b)(2); hereby enters its Objection to the Magistrate's *Memorandum Opinion and Order* and respectfully moves this Honorable Court to alter and/or amend the same.

As more fully set forth hereinafter, upon amendment this Court should find that there is no existing genuine issue of material fact; and as the City Defendants are entitled to judgment as a matter of law; this Court should enter an Order granting Defendant, the City of East Cleveland's *Motion for Summary Judgment*.  (Doc. No 54).

Respectfully submitted,

/s/ *Willa M. Hemmons*
Willa M. Hemmons (0041790)
whemmons@eastcleveland.org
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
Attorney for Defendant/Cross-Claim Plaintiffs,
the City of East Cleveland

## STANDARD OF REVIEW

Defendant, the City of East Cleveland has brought the herein Objection seeking the alteration and/or amendment of the Magistrate' Memorandum Opinion and Order, pursuant to Fed.R. 59(e)(1), Fed.R. 56(e)(1) and 72(b)(2).

A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). Under either theory our review of a denial of a motion to reconsider is for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).

## LAW AND ANALYSIS

**I.   AS A CLAIM FOR MUNICIPAL LIABILITY CANNOT EXIST IN THE ABSENCE OF A CONSTITUTIONAL VIOLATION THIS COURT SHOULD ACCORDINGLY, DISMISS THE MUNICIPAL LIABILITY CLAIMS AGAINST DEFENDANT CITY OF EAST CLEVELAND.**

On April 25, 2019, this Court rendered its *Memorandum Opinion and Order* in disposition of the parties' various summary judgment motions; and as pertinent herein denied in part, Defendant, City of East Cleveland's *Motion for Summary Judgment* (Doc. No. 54).

Review of the *Memorandum Opinion and Order* further finds that the Magistrate found that Plaintiff Walter Derrico ("Walter Derrico") "no longer intends to pursue any of the pendant state claims alleged in his Complaint before this Honorable Court." (See *Memorandum Opinion and Order* at ref. Doc. No. 60 at 2.)  The Magistrate further found that Walter Derrico had indicated that he "…his sole claim against East Cleveland in this action is a municipal liability claim under 42 U.S.C. § 1983." (*Id*. at  Doc. No. 60 at 2.)

2

The Magistrate continued and found, "as relevant to Defendant City of East Cleveland, Counts I through V of the Complaint assert municipal liability claims under 42 U.S.C. § 1983 for: (1) failure to properly hire, train, discipline and/or supervise; (2) failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department; and (3) "condoning a pattern, practice and/or custom of police officer intimidation and abuse." (*Id*. at  ref. at pp. 5-6, 30-31.)

As more fully set forth hereinafter, this Court must find that Walter Derrico has indeed "*pled himself out of his own case*" as essential to his claims of municipal liability is the viability of an underlying claim of a constitutional violation.  It is further urged that Walter Derrico cannot successfully "resurrect" his pendant state claims as: (i) under the authority of *Demetrius Moore vs. State of Ohio,* 2019-Ohio-700, Plaintiff's claims must be dismissed; and (ii) that in fact, the statute of limitations on those claims has expired.  Accordingly, this Court is urged to amend the Magistrate's *Memorandum Opinion and Order* and dismiss Plaintiff Walter Derrico's Complaint with prejudice.

Attendant to and inseparable from the claim of municipal liability is the claim that one suffered as a result of that purported liability.  One cannot separate out any wrongful imprisonment contention from a municipal liability one because they are two sides of the same coin.  If one finds municipal liability then the next step is to identify the consequences of that liability.  One cannot conscience one in isolation one from the other.  Liability for what is the question; and, it begs the question to say there is liability but no damages and *vice versa*.  In other words, it is specious to claim municipal liability under §1983without correspondingly claiming damages.  This is particularly true in light of the criteria required by *Monell v. Dep't. of*

*Social Sciences*, <u>436 U.S. 658</u>, 694, <u>98 S.Ct. 2018</u>, 2037 (1978), see below.  In short, municipal

liability cannot exist in a vacuum as implicit in the Magistrate's *Opinion*.

For instance, the case of  *Morris v. Mekdessie*, 18-30705 (FED5) ref. *Whitley v.

Hanna*, <u>726 F.3d 631</u>, 648-49 (5th Cir. 2013); *Piotrowski v. City of Houston*, <u>237 F.3d 567</u>, 578

(5th Cir. 2001) relates "Because the police officers did not commit any constitutional violations,

the City of Gretna and its chief of police, Arthur Larson, cannot be liable for failure to supervise

and train the city's police. The theory for that liability is that the failure to supervise or train was

a moving force behind an individual officer's unconstitutional use of force. The jury's verdict

favoring Officer LeBlanc, combined with the proper grant of summary judgment in favor of

Officer Mekdessie, means there is no underlying constitutional violation. That means there can

be no municipal liability or improper supervision claim."

Indeed, in its *Motion for Summary Judgment*, the City Defendants  did argue that "…the

latter allegations of concealment contradict Mr. Derrico's allegation of a conspiracy, this Court

should find that he has failed to state a claim upon which relief may be granted…"  p. 8  The fact

is that Plaintiff does not show more in all of his narratives.  And, that is precisely the problem

with Plaintiff's position because he fails to tie actions of rogue vigilante marauders to any

policies, practices or training of or by the City.  The secrecy under which the nefarious activity

was conducted was explicit evidence of its obliviousness by the City.  More is needed to be

demonstrated by Mr. Derrico.

There is nothing in the wrongdoers' conduct that, despite all the discovery conducted by

Plaintiff Derrico, has been shown to relate to any training practice, policy under the City's

auspices that would determine that the City: (1) failed to properly hire, train, discipline and/or

supervise; (2) failed to adopt and enforce reasonable appropriate policies, practices, and

procedures for the operation and administration of the internal affairs of the East Cleveland

Police Department; and (3) "condon[ed]a pattern, practice and/or custom of police officer

intimidation and abuse."

All of Derrico's inadequate supervision, failure to train, and policy, practice, or custom

claims fail without an underlying constitutional violation. *See Bustos v. Martini Club, Inc*.,

599 F.3d 458, 467 (5th Cir. 2010) noting: (" Because [plaintiff] has alleged no constitutional

injury attributable to the Officers, [plaintiff] has failed to state a claim that a City policy was the

moving force behind a violation of his constitutional rights."). Even if we assume that [plaintiff]

has sufficiently alleged a § 1983 claim, her municipal liability claims still would fail. "To

establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2)

promulgated by the municipal policymaker (3) was the moving force behind the violation of a

constitutional right." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

None of Plaintiff's claims make any specific factual allegations of the county's policies and

simply adds the words "policies, practices, and/or customs" to his perceived wrongs. Such

allegations are insufficient to survive dismissal. *See Spiller v. City of Tex. City, Police Dep't*, 130

F.3d 162, 167 (5th Cir. 1997) (conclusory description of policy or custom insufficient).

His conspiracy liability claims similarly fail for lack of a § 1983 violation by

Appellees. *See Hale*, 45 F.3d at 920 ("[A] conspiracy claim is not actionable without an actual

violation of section 1983." (internal quotation marks and citation omitted)).

Under the decisions of the Supreme Court, municipal liability under section 1983

requires proof of three elements: a policymaker; an official policy; and a violation of

constitutional rights whose "moving force" is the policy or custom. *Id, Monell*.  *Monell* and later

decisions reject municipal liability predicated on respondeat superior, because the text of section

1983 will not bear such a reading. *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397,

403, 117 S.Ct. 1382, 1388 (1997). Consequently, the unconstitutional conduct must be directly

attributable to the municipality through some sort of official action or imprimatur; isolated

unconstitutional actions by municipal employees will almost never trigger liability. *Bennett v.*

*City of Slidell*, 728 F.2d 762, 768 n.3 (5th. Cir. 1984), cert. denied, 472 U.S. 1016 (1985); *McKee*

*v. City of Rockwall*, 877 F.2d 409, 415 (5th Cir. 1989), cert. *denied*, 493 U.S. 1023 (1990).  The

three attribution principles identified here - a policymaker, an official policy and the "moving

force" of the policy - are necessary to distinguish individual violations perpetrated by local

government employees from those that can be fairly identified as actions of the government

itself. Mistakes in analyzing section 1983 municipal liability cases frequently begin with a failure

to separate the three attribution principles and to consider each in light of relevant case law.

*Piotrowski v City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).    Plaintiff Derrico has patently

failed to make any connection between the criminal acts of the former detectives and the City's

policies, practices or training.

## II.      MR. DERRICO SHOULD NOT BE ALLOWED TO RESURRECT HIS DISMISSED CLAIMS AS THE STATUTE OF LIMITATIONS HAS EXPIRED ON ALL OF MR. DERRICO'S CLAIMS.

In his Complaint, Mr. Derrico states in his Verified Statement of Facts that he "was

standing outside of 428 Arbor Street, in Cleveland, Ohio on October 2, 2012…." (Doc. 1 at ¶

12); when he was approached by the Individual Defendants; (Id. at ¶ 14); who without a warrant

…went into the house; and tore the house apart.  (Id. at ¶ 17).  Mr. Derrico further alleged that

"…the officers took $850 from him but only turned in $340 of that amount." (Id. at ¶ 18);and

although he "…did not have any drugs or any drugs on him, the defendants charged him with

Possession and Trafficking."  (Id. at ¶ 20).  Mr. Derrico further alleged that he was taken to jail

6

and booked on October 2, 2012; (Id. at ¶ 21); and that it took him until December 7, 2012, to make bond and get out of jail.  (Id. at ¶ 22).  Finally, Mr. Derrico alleged that, "[u]pon advice of Court appointed counsel, Mr. Derrico pleaded guilty on January 2013 to avoid further charges being fraudulently added and/or the possibility of maximum sentencing."  (Id. at ¶ 23); and that he was subsequently sentenced to four years in prison on fabricated charges made by the defendants in this case.  (Id. at ¶ 29).

Again, in bringing his §1983 claims against former Defendant, the East Cleveland Police Department, Mr. Derrico asserted municipal liability claims on the basis of failure to properly hire, train, discipline and/or supervise; failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation of the internal affairs division; and condoning a pattern, practice and/or custom of police officer intimidation and abuse. (Doc. No. 1 at ¶¶ 62-70.)

On April 25, 2019 this Court, upon the motion of the East Cleveland Police Department, found that such party was not sui juris and could not sue or be sued.  (Doc. No. 64 at p. 9); and in dismissing as Defendants, the East Cleveland Police Department the Court held that Mr. Derrico's claims would be construed as against Defendant City of East Cleveland.

As more fully set forth hereinafter, in that Mr. Derrico's Complaint establishes that the statute of limitations had expired prior to the filing of his Complaint; and as the motion herein is timely, this Court should enter an Order dismissing all claims remaining against the City of East Cleveland, with prejudice.

A.    **WALTER DERRICO SHOULD NOT BE ALLOWED TO RESURRECT HIS PENDANT STATE CLAIMS AS SUCH CLAIMS AGAINST THE CITY OF EAST CLEVELAND ARE BARRED BY THE TWO-YEAR STATUTE OF LIMITATIONS AS SET FORTH IN R.C. 2744.04.**

As an initial matter it is observed that R.C. 2744.04(A) provides that actions against a political subdivision for injury, death, or losses to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function shall be brought within two years after the cause of action arose. That limitation applies to actions on claims for relief brought pursuant to §1983.  *Fifth Third Bank v. Cope,* 162 Ohio App.3d 838, 2005-Ohio-4626, ¶43.

Even though the applicable limitations period in state law determines the statute of limitations period for 42 U.S.C. §1983 actions, "federal law governs the determination of the accrual date (that is, the date the statute of limitations begins *to run) for purposes of the statute of limitations in a section 1983 action." Ormiston v. Nelson, at p. 71. Application of the* discovery rule may be appropriate in those actions. *Id.* The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York* (1980), 632 F.2d 185, 191.

The discovery rule requires that two factors be discovered before the two-year limitations period in **R.C. 2305.10** begins to run: first, a plaintiff must know or reasonably should have known that he has been injured; second, a plaintiff must know or reasonably should know that his injury was proximately caused *by the conduct of defendant. Viock v. Stowe-Woodward Company (*1983), 13 Ohio App.3d 7. The statute of limitations does not begin to run until both prongs are satisfied. *Norgard v. Brush Wellman, Inc.,* 95 Ohio St.3d 165, 2002-Ohio-2007, at ¶9.

8

In *Norgard*, the Supreme Court explained:

"Since the rule's adoption, the court has reiterated that discovery of an injury alone is insufficient to start the statute of limitations running if at that time there is no indication of wrongful conduct of the defendant. Moreover, the court has been careful to note that the discovery rule must be specially tailored to the particular context to which it is to *be applied.*"

*Browning v. Burt (1993),* 66 Ohio St.3d 544, 559, 613 N.E.2d 993." *Id.,* at ¶10.

In the present case, the two-year statute of limitations governing Mr. Derrico's claims for relief began to run when he was arrested on October 2, 2012; a fact verified in Mr. Derrico's complaint through his allegation that his arrest was without a warrant and despite the fact that he "…did not have any drugs or any drugs on him, the defendants charged him with Possession and Trafficking." *State v. Derrico*, Cuyahoga Common Pleas Case No. CR 12-567618B.  It should be noted here that even though Mr. Derrico posted bond in his criminal case, he was rearrested for testing positive for Marijuana and rearrested on 12/13/12.  Further, even though damages have been ignored as not being endemic to this case, part of his four year sentence was undoubtedly based upon his previous drug trafficking convictions in the state trial court: CR 06-482415; CR 08-508590; CR 08-511017; and, 11-549497.  These factors are brought out because, in comparison, his Co-Defendant, William Lamar Moore, although charged as the principal "A" defendant in the case, CR 12-567618 A, on the same alleged facts and circumstances received a *one year* sentence.  Hence, the City although it is maintained here that the City is not liable at all, it certainly should not be held unduly *liable* for *damages* even less under its control than the wayward ex-detectives were.

Finally, Mr. Derrico alleged that, "[u]pon advice of Court appointed counsel, Mr. Derrico pleaded guilty on January 2013 to avoid further charges being fraudulently added and/or the possibility of maximum sentencing.  Therefore, "[a]ny action he might file on claims for

9

relief arising from that event had to be filed within two years of his October 2, 2012 arrest. Thus, his Complaint filed on April 22, 2017 was filed out of time.

It is further noted that neither the subsequent stay of the action or its refiling within one year, pursuant to the "savings statute," R.C. 2305.19, avoids the fatal defect of late filing.

It is urged that the above facts dispose of two potential bars to this application.

**III.    THE MAGISTRATE ALSO ERRED WHEN HE DENIED THE CITY'S MOTION TO CONSIDER IN LIGHT OF THE *DEMETRIOUS MOORE* CASE.**

Although the similarly situated case of *Demetrius Moore vs. State of Ohio,* 2019-Ohio-700, was decided February 28, 2019 two weeks after this case's Discovery deadline of February 15, 2019, the Magistrate denied the City's Motion to amend its *Summary Judgment Motion.* The *Demetrius Moore* case involved the same alleged offending former police officers, Torres Moore, Antonio Malone and Eric Jones. In addition, the fact patterns are essentially identical with Mr. Moore having pled to a drug case and with the Cuyahoga County Prosecutor later rescinding the conviction. Despite the same Plaintiff Attorney, as in the instant case, complaining of constitutionally based wrongful imprisonment violations, the *Demetrius Moore* Court of Appeals of Ohio for the Eighth District affirmed the State of Ohio's trial court's Summary Judgment Motion.  Federal Rule of Civil Procedure 15(a) provides that leaves to plead be granted by a court when justice so requires in order to facilitate a decision on the merits rather than be guided by underlying pleadings or technicalities, *Leighton*, 833 F. 2d @ 186 quoting *U.S. v. Webb*, 655 F. 2d 97 (9th Cir. 1981.) The Defendant City of East Cleveland and the East Cleveland Police Department have previously been granted no leaves to plead. No prejudice will be caused to the Plaintiff by the granting of this Motion for Leave to Plead.

10

**FAILURE TO TRAIN**

Plaintiff also alleges (1) failure to properly hire, train, discipline and/or supervise; (2) failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department; and (3) "condoning a pattern, practice and/or custom of police officer intimidation and abuse." (Id. at pp. 31-32.)

In order to show that a municipality is liable for a failure to train its employees, a plaintiff "must establish that: 1) the City's training program was inadequate for the tasks that officers must perform; 2) the inadequacy was the result of the City's deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury." *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)).

Derrico's claims against the City focuses on its failure to train its police officers. At the time of Moore's, Malone's and Jone's infractions, the City employed between 50 to 70 officers. The percentages bespeak more of a few bad apples in the barrel rather than an endemic failure of training.  "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Only where a failure to train amounts to "deliberate indifference to the rights of persons with whom the police come into contact" can a policy or custom be actionable under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). When municipal policymakers are "on actual or constructive notice that a particular omission in their training

11

program causes city employees to violate citizens' constitutional rights, the city may be deemed

deliberately indifferent if the policymakers choose to retain that program." *Connick*, 563 U.S. at

61. Derrico has not alleged any such facts to support his conclusory failure to train claim, and

therefore the *Monell* claim should have been dismissed.

When determining whether a municipality has adequately trained its employees, "the

focus must be on adequacy of the training program in relation to the tasks the particular officers

must perform." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

In the instant case, Derrico has hardly shown that there was a "... a custom or policy" of

unlawful searches and a failure to train or supervise officers. *Roman v. City of Newark, Civil*

*Action* No. 16-1110-SDW-LDW, 2017 WL 436251, at *4 (D.N.J. Jan. 30, 2017).   On that point

alone, the City disserves the granting of its *Summary Judgment Motion.*

Respectfully submitted,


/s/ *Willa M. Hemmons*
Willa M. Hemmons (0041790)
whemmons@eastcleveland.org
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
Attorney for Defendant/Cross-Claim Plaintiffs,
the City of East Cleveland

12

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of *Defendant, The City of East Cleveland's Objection to Magistrate's Memorandum Opinion and Order* was electronically filed with the Court on this 7th day of May, 2019; and that by operation of this Court's electronic notification system a copy thereof is made available to all registered parties.  The undersigned further certifies that a true and accurate copy of *Defendant, The City of East Cleveland's Objection to Magistrate's Memorandum Opinion and Order* was on this 7th day of May, 2019 sent via first class regular U.S. mail to the last known addresses of:

| Cross-Claim Defendant Torris Moore at:<br><br>TORRIS MOORE (61296-060)<br>FMC CARSWELL<br>FEDERAL MEDICAL CENTER<br>P.O. BOX 27137<br>FORT WORTH, TX  76127 | Cross-Claim Defendant Antonio Malone at:<br><br>ANTONIO MALONE (61336-060)<br>FCI BENNETTSVILLE FEDERAL CORRECTIONAL INSTITUTION<br>P.O. BOX 52020<br>BENNETTSVILLE, SC 29512 | Cross-Claim Defendant Eric Jones at:<br><br>ERIC JONES (61337-060)<br>FMC DEVENS<br>FEDERAL MEDICAL CENTER<br>P.O. BOX 879<br>AYER, MA 01432 |
|---|---|---|

Respectfully submitted,


/s/ Willa M. Hemmons
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112

Attorney for the City of East Cleveland

13